RANDOLPH *et al.*, Respondents, *vs.* KEILER, Appellant.

1. Where, in a suit on a judgment of a sister state, it is alleged in the petition that the plaintiffs, J. F. R. and C. R., recovered the said judgment against the defendant, and it appears from the transcript offered in evidence that the judgment was in favor of J. F. R. and C. F. R. : *held,* that this is an immaterial variance.

2. Where the judgment declared on is a judgment of the "Inferior Court of Common Pleas, in and for the county of Sussex, state of New Jersey," *held,* that the petition is supported by producing a transcript of a judgment, *certified* by the clerk and judge of the "Inferior Court of Common Pleas, in and for the county of Sussex," &c., although in the body of the transcript the court in which the proceedings were had is styled the "Sussex Common Pleas," &c., and the "Sussex County Court of Common Pleas," &c.

3. Where, in suit on a judgment of a court of the state of New Jersey, it appears from a transcript of such judgment, that the same was entered and rendered, as confessed, (in pursuance of the law of the state of New Jersey,) by virtue of and in pursuance of a warrant of attorney, dated at Easton, Penn., empowering "any attorney of any court of record in the United States, to confess judgment against" the defendant and in favor of the plaintiffs : *held,* that such judgment, being valid in the state of New Jersey, by virtue of the laws thereof, is entitled to "full faith and credit," within the meaning of section 1, of article 4, of the constitution of the United States, and that, too, although it does not appear that either the plaintiff or the defendant were, at the date of said judgment, citizens of the state of New Jersey, or had ever been within the said state. (SCOTT, J., dissenting, holding that, in order that a judgment of a sister state may be binding under the constitution, it must be rendered in pursuance of the law of the state in which it is rendered operating on her resident citizens ; which does not appear to have been the case here ; and that the warrant of attorney was not pursued in this, that it does not appear that the judgment was confessed by an attorney of a court of record, but by a private agent of the plaintiffs. )

*Appeal from St. Louis Court of Common Pleas.*

This was an action brought by James F. Randolph and Carman Randolph against the defendant, Keiler, on a transcript of a judgment, alleged in the petition to be a judgment of the "Inferior Court of Common Pleas, in and for the county of Sussex, state of New Jersey." It is alleged in the petition "that on the 11th day of November, A. D. 1845, before Lewis Howell, then judge of the Inferior Court of Common Pleas in

36—VOL. XXI.

and for the county of Sussex, state of New Jersey, and in the said Inferior Court of Common Pleas, in and for the said county of Sussex, in the said state of New Jersey, the said plaintiffs, by the consideration and judgment of said court, recovered against the said defendant the sum of $502 51 debt," and four dollars costs. Plaintiffs admit in petition a payment on said judgment of $149 28, on November 12th, 1845, and claim judgment for the balance, $353 23, with interest from November, 1845. The answer of defendant is fully set forth in the opinion of the court. The cause was submitted to the court without a jury, and on the trial the plaintiffs offered in evidence the revised code of New Jersey, and the following exemplification of a judgment :

*Exhibit " .1," filed with and referred to in Petition.*

" James F. Randolph & Carman F. Randolph *vs.* Raphael Keiler. Sussex Common Pleas—New Jersey. Sussex county, ss. Herman S. Heckman, of full age, being duly sworn upon his oath, saith that deponent is the agent of James F. Randolph and Carman F. Randolph, partners in trade, under the name and style of James F. Randolph & Co., who are out of this state, to-wit, at Easton, Pennsylvania, and that the true consideration of a judgment obligation given by one Raphael Keiler, to the said James F. Randolph & Co., for the sum of $498 93, one day after date, and dated the 27th day of September, 1845, upon which judgment is about to be entered up in the Court of Common Pleas of the county of Sussex, consisted in goods, wares and merchandise, sold and delivered by the said James F. Randolph and Carman F. Randolph to him, said Raphael Keiler, and that said debt is justly and honestly due and owing from said Raphael, and that said judgment is not confessed to answer any fraudulent intent or purpose, or to protect the property of said defendant from his creditors. (Signed) H. S. Heckman. Sworn to and subscribed this eleventh day of November, 1845, before me, Lewis Howell, Judge of Common Pleas."

Randolph *v.* Keiler.

*[ Copy of Note.]*

" $498 93.　　　　　" EASTON, September 27th, 1845.

" One day after date, I promise to pay to order of James F. Randolph & Co., four hundred and ninety-eight dollars and ninety-three cents, without defalcation, for value received.

" And further, I do hereby empower any attorney of any court of record in the United States, to enter and confess judgment against me for the above sum of $498 93 debt and costs of suit, release of errors, &c. Witness my hand and seal, the day and date aforesaid. Raphael Keiler, (seal.) Witness present, H. S. Heckman."

" Sussex County Court of Common Pleas, of the term of November, 1845. James F. Randolph & Carman F. Randolph *vs.* Raphael Keiler. In debt on obligation and warrant of attorney.

" The defendant's appearance to this action is entered, and judgment confessed to the plaintiff for the sum mentioned in the above obligation, by virtue of the warrant of attorney thereto annexed, and pursuant to the direction of an act entitled " an act directing the mode of entering judgments on bonds with warrants of attorney to confess judgments." Whereupon, it is considered that the said James F. Randolph and Carman F. Randolph do recover against the said Raphael Keiler the sum of $502 51 debt, and four dollars costs of suit. Judgment signed this 11th day of November, 1845. Lewis Howell, Judge of Common Pleas."

" I do certify that, at the time of confessing said judgment, the plaintiff therein produced before me an affidavit of the true consideration of the obligation for which said judgment was confessed, &c., and of the other requirements of the statute in such case made and provided. Lewis Howell, Judge, &c. November 11th, 1845."

" New Jersey, Sussex county, ss. I, Thomas J. Ludlum, clerk of the Inferior Court of Common Pleas in and for said county, do hereby certify that the above copy of the judgment

of James F. Randolph and Carman F. Randolph *vs.* Raphael Keiler, is a true copy of the same, as the same remains a record in my office. Judgment entered and recorded in book X, of judgments, p. 619, &c. In witness whereof, I have hereunto set my hand and seal of office at Newton, this thirteenth day of April, A. D. 1853. Thos. J. Ludlum, clerk." (Seal.)

"I, Moses Dunning, Presiding Judge of the within named court, do certify that the within attestation is in due form of law, and made by the proper officer to make the same. Witness my hand and seal, this 14th day of April, A. D. 1853. Moses Dunning." (Seal.)

The above comprises the whole of the transcript offered in evidence. To the introduction of this transcript, the defendant at the time objected, and among other *reasons assigned* specially, that said exemplification was not sufficiently authenticated either by the clerk or the judge of the court from which the same purports to come. The court overruled defendant's objection, and received the said exemplification in evidence. Defendant excepted. The finding of the court is fully set forth in the opinion of the court.

*Hill, Grover & Hill,* for appellant. 1. There is a variance between the judgment declared on and that offered in evidence. The judgment declared upon is a judgment of the " Inferior Court of Common Pleas, in and for the county of Sussex, state of New Jersey." The judgment offered in evidence, as clearly appears from the heading of the judgment entry, and also from the certificate of the judge before whom the same was rendered, is a judgment of "the Sussex County Court of Common Pleas." See the heading of the affidavit. The clerk certifying the judgment does not certify that he is clerk of the court in which the judgment was rendered, but of " the *Inferior* Court of Common Pleas of Sussex county." There is nothing to identify him as clerk of the court which rendered the judgment. The clerk and judge are clerk and judge of " the *Inferior* Court of Common Pleas." The judgment attempted to be certified is a judgment of " the Court of

Common Pleas." It is not stated in the certificate that the judgment is a judgment of the "Inferior Court of Common Pleas," but that "the same is a copy of the judgment which remains of record in *his* office." How it became a record in that office, does not appear. The authentication must come from the clerk and judge of the court in which the judgment was rendered. It cannot be presumed that the courts are the same. This must appear from the record itself. The certificate is dated about eight years after the judgment. If the name of the court had been changed, or if the record had been transferred to another court, so that there was a legal succession, that fact must appear. There is also a variance in the name of one of the plaintiffs. The case in 8 Mo. 428, was decided upon facts unlike those in the present case. 2. The judgment offered in evidence was entered up without authority. The power in warrant of attorney was exceeded; in that, judgment was given for $502 51 and costs, while the power of attorney only authorizes a confession for $498 93 and costs. It appears that the proceedings were summary, and that the judgment was entered up in the absence of defendants under the warrant of attorney. 3. The answer having, by denying the execution of the power, put the same in issue, it devolved upon the plaintiff to prove its execution.

*M. L. Gray*, for respondents. 1. There was no variance between the judgment declared on and the one read in evidence. It sufficiently appears on the whole record that the judgment was a judgment of the "Inferior Court of Common Pleas of Sussex county." The principles of the case of *Chandler* v. *Garr*, (8 Mo. 428,) seem to cover this case. By the constitution of the state of New Jersey, the proper style of the courts of Common Pleas is, the "Inferior Courts of Common Pleas." (See Constitution of N. J., art. 6, § 1 and § 6; also 13 S. & R. 135; 7 Cranch, 408; Littell's S. C. 142.) 2. The authority of the warrant of attorney was not exceeded. The power to enter judgment on the bond carried with it as an incident, the right to include in the judgment the interest. The

entry of the judgment was regular. (See R. S. of N. J. 944.) 3. The answer of the defendant was such as to put the plaintiffs on the proof of the judgment only; and the defendant cannot raise the questions of jurisdiction or want of authority, after the existence of the judgment is shown. The judgment, when produced, was conclusive upon the defendant, unless he could show fraud.

RYLAND, Judge, delivered the opinion of the court.

This was a suit upon a judgment of the Inferior Court of Common Pleas of Sussex county, in the state of New Jersey. The judgment was confessed by virtue of a power given by the debtor.

The defendant, in his answer, says he has no recollection or knowledge sufficient to form a belief whether any such judgment as described in plaintiffs' petition was ever recovered against him. He says that it appears by a pretended transcript of such judgment, now on file as an exhibit, that one Herman S. Heckman, as the agent of said plaintiffs, caused said judgment to be entered against this defendant, by virtue of a certain pretended judgment bond. Defendant denied ever having executed such an instrument as described in said transcript, on which it is stated said judgment was entered; and avers that if his name appears to any such instrument of writing, as mentioned in said judgment bond, the same was obtained by fraud and without his knowledge of its contents, and denies being indebted to plaintiffs. The cause was submitted to the court for trial without a jury, and the court found that the plaintiffs did recover of the defendant the judgment set out in the petition as the same is charged in the petition; that said judgment still remains in full force unreversed and unsatisfied, and that there has been paid on said judgment only the sum stated in the petition; that the bond on which said judgment was recovered was executed by the defendant, and the same was not obtained nor was his signature thereto obtained by fraud or without defend-

ant's knowledge of its contents; that there was still due from defendant to plaintiffs, at the commencement of this suit, and is still due, the amount claimed in the petition, and rendered judgment for plaintiffs for the sum of $535 97.

The defendant moved the court to set aside its finding of the facts and its decision thereon, and grant a review and re-hearing of the cause. This motion was overruled, and the case is brought here by appeal.

The record shows that on the trial the plaintiff offered in evidence, to sustain the issues on this point, the revised code of New Jersey, and an exemplification of a judgment on which the suit is founded. The defendant objected to the introduction of the exemplification of the judgment, and assigned as reasons specially, among other matters, that it was not sufficiently authenticated by the clerk or by the judge of the court from which the same purports to come; but the court overruled his objection and admitted the exemplification in evidence, to which defendant excepted. This was all the evidence in the case.

The only questions, then, which can legitimately arise in this case, involve the correctness of the opinion of the court below, by which the exemplification of the judgment was received as evidence.

The defendant contends that there is a variance in the style of the court upon whose judgment this suit is brought, as set forth in the plaintiffs' petition, and in the exemplification offered in evidence.

Let us examine this matter and see if there be any such variance as may be considered material. The plaintiffs, in their petition, state that they, James J. Randolph and Carman Randolph, by the consideration and judgment of the Inferior Court of Common Pleas in and for the county of Sussex, in the state of New Jersey, recovered against said defendant the sum, &c. The exemplification of the judgment commences thus: " Sussex County Court of Common Pleas, of the term of November, one thousand eight hundred and forty-five.

James F. Randolph & Carman F. Randolph *vs*. Raphael Keiler. In debt on obligation and warrant of attorney."

The defendant's appearance to this action is entered and judgment confessed, &c., for the sum mentioned in the above obligation, by virtue of the warrant of attorney thereto annexed, and pursuant to the direction of an act entitled " an act directing the mode of entering judgment on bonds with warrants of attorney to confess judgments." Then follows the formal recovery and judgment in the names of James F. Randolph and Carman F. Randolph against said Raphael Keiler, for the sum of $502 51 debt, and $4 costs of suit. This judgment was signed by Lewis Howell, Judge of Common Pleas. The judge then certifies that at the time of confessing said judgment, the plaintiffs therein produced before him an affidavit of the true consideration of the obligation for which said judgment was confessed, &c., and of the other requirements of the statute. Then follows the clerk's certificate, in the following words :

" New Jersey, Sussex county, ss. I, Thomas J. Ludlum, clerk of the Inferior Court of Common Pleas, in and for said county, do hereby certify that the above copy of the judgment of James F. Randolph and Carman F. Randolph *vs*. Raphael Keiler, is a true copy of the same, as the same remains a record in my office. Judgment entered and recorded in book X, of judgments, p. 619, &c. In witness whereof, I have hereunto set my hand and seal of office at Newton, this 13th day of April, A. D. 1853. Thomas J. Ludlum, clerk." (Seal.)

Then comes the judge's certificate : " I, Moses Dunning, Presiding Judge of the within named court, do certify that the within attestation is in due form of law, and made by the proper officer to make the same. Witness my hand and seal, this 14th day of April, A. D. 1853. Moses Dunning, Judge." (Seal.)

The middle letter, " F," in the name of Carman F. Randolph, is not inserted in his name in the petition of the plaintiffs, but is in the record of the judgment. This is not an important or material variance.

Randolph *v.* Keiler.

The word "Inferior" is inserted in the petition, alleging the recovery by the plaintiffs in the Inferior Court of Common Pleas of Sussex county. In the exemplification the word is omitted in some parts of the record and inserted in others. It is in the certificate of the clerk; the judge mentions it by saying "the within named court" — meaning the court mentioned in the clerk's certificate. We do not consider the omission or insertion of the word "Inferior" as at all changing the court. It may be sometimes called the Court of Common Pleas or the Inferior Court of Common Pleas. There is enough in the record to let a reasonable man see it is the same court. There is nothing, then, in the objections set up, by the defendant in this case, against the admission of the exemplification of the judgment of the Inferior Court of Common Pleas of Sussex county, New Jersey.

Here is a properly authenticated copy of a judgment of a sister state, upon a peculiar instrument in writing or bond, authorizing any attorney of any court of record in the United States, to enter and confess judgment against the obligor for the sum of money due thereby. This is allowed by the statute of New Jersey, approved April 15th, 1846. This statute makes all judgments entered by its provisions, "as good and effectual in law to all intents and purposes whatsover, as judgments entered by confession in the manner heretofore practiced; and no such judgment shall be reversed for error or misprision of the clerk in entering the same, or defect of form in the entry thereof; and execution shall issue thereon as in cases of judgments entered by confession in the manner heretofore practiced." This proceeding in New Jersey can only be in cases where a bond or other obligation is given for the payment of money only, together with a warrant under hand and seal, directed to any attorney at law or other person, to appear in any court of record to an action brought or to be brought on such bond or obligation against the person or persons executing the same, and to confess judgment against him, her or them,

for the sum mentioned in such bond and warrant of attorney, with costs of suit.

The record, an exemplification of which is made an exhibit in this case, and which was offered in evidence, shows that the requisites of the statute of New Jersey have, in general, been complied with.

There can be no doubt of the effect of this judgment in the state of New Jersey. The proceeding is one regulated by their statute alone; it is one founded on what is called a judgment bond. The obligor in the bond empowers any attorney of any court of record to enter and confess judgment against him for the debt and costs of suit. These costs are by law fixed at four dollars, and if execution issues, then one dollar more is allowed for costs.

The law requires " that a copy of the bond and warrant of attorney to confess judgment, with the entry of the judgment thereon, signed by the justice or judge, shall be delivered to the clerk of the court in which such judgment is to be entered, and the clerk shall immediately file the same in his office, mark thereon the time of filing the same, and enter the judgment on the minutes of the court, and shall also enter all the proceedings on which such judgment shall be founded as aforesaid, and the judgment itself at large in the judgment book of the court, and index the same as in other cases of judgment." The exemplification of the record in this case, shows all the necessary acts have been done. Here is the affidavit, the copy of the bond, and of the power to confess judgment. Here is the confession of the debt, and of the judgment—all properly certified and authenticated, to be used as evidence. Now, no matter how general the terms of the power of attorney be to confess judgment, it can only be confessed on such bonds and under such powers as are embraced by the statute authorizing the proceeding; that is, in the state of New Jersey only. But when thus confessed in that state, the judgment there is declared to be as good and effectual, to all intents and purposes,

as judgments entered by confession in the manner practiced before the statute was enacted.

Now giving to this judgment the effect of any other regularly confessed judgment of the courts of New Jersey, we see at once that the plaintiffs are entitled to recover. The power to confess judgment for the debt in the bond or for the sum of money specified in the bond, as a necessary incident embraces the power to confess also for the interest due on the bond.

Upon the whole case, then, I am satisfied that the judgment of the court below is correct, and should be affirmed; and, Judge Leonard concurring, the same is affirmed.

SCOTT, Judge, dissenting. I do not concur in the foregoing opinion. The instrument sued on is not a record nor judicial proceeding within the meaning of the constitution of the United States. To give binding effect to a judgment, it is essential that the court should have jurisdiction of the person and of the subject matter. If any other judgment is binding under the constitution, it must be rendered in pursuance of the law of the state in which it is rendered operating on her resident citizens. It does not appear from the record which is the foundation of this suit, or from any thing outside of it, that either the plaintiffs or defendant were ever within the state of New Jersey, where this judgment was entered. The bond, with the power of attorney, by virtue of which the judgment was rendered, is dated in Pennsylvania. It is a general power to any attorney in any court of record in the United States to confess a judgment, not in New Jersey, but in any court of record in the United States. If judgments thus obtained shall be regarded as records and judicial proceedings within the meaning of the constitution of the United States, that instrument will become odious, as furnishing a means by which the greatest injustice and oppression may be practiced. It is well settled that if a sister state grant jurisdiction to her courts over persons or property not within her territory, such legislation will be treated elsewhere as a mere attempt at usurpation,

and all judicial proceedings in virtue of it held utterly void. (Cowen's Notes, 907.) Respectable courts have held that the words, "records and judicial proceedings," in the constitution of the United States, are words of definite meaning at common law ; that the common law never recognized judicial proceedings, as foreign judgments, unless rendered by a court of record upon personal notice to the defendant, or his appearance to the action ; that "the records and judicial proceedings" contemplated by the constitution, were, therefore, not judgments rendered without notice to the defendant or appearance to the action, but judgments which were recognized and enforced at common law as foreign judgments. (1 N. H. 242 ; Cowen's Notes, 911.) But, admitting that a state, with regard to her resident citizens, may adopt absurd and unjust provisions, may permit judgments on constructive notice, or whatever else she may think fit to make notice, and that such judgments will be enforced in the neighboring states, yet this broad and liberal construction of the words of the constitution will not cover this case. (Cowen's Notes, 914–15.)

The bond and power of attorney under which this judgment was confessed, were executed in Pennsylvania. It does not appear that any of the parties to the suit were residents of New Jersey, or had ever even been in that state. The power of attorney authorizes any attorney of any court of record in the United States (not in New Jersey merely) to enter and confess a judgment. We do not see how any court, under such a power of attorney, would permit a judgment to be confessed and entered on its records. If the power had been confined to the limits of the state of New Jersey, and it had appeared from the proceedings that the defendant was a resident citizen of that state, the judgment, under her law, might have been upheld. As it stands, there is nothing showing that it was in the contemplation of the parties that the judgment should be confessed in New Jersey, and it is not seen how her officers took cognizance of it. To hold that under a power of attorney to any attorney of any court of record in the United States, an attorney in

any state may confess a judgment, and that the judgment so confessed shall have full faith and credit in all the other states, would be giving the constitution a latitude of construction mischievous in itself, and one that might lead to great oppression and injustice.

The judgment, in my opinion, is erroneous, for the further reason that it was not confessed by an attorney of a court of record. The creditor had no right to substitute, in place of an officer responsible to the court for his conduct, and specially designated by the parties, a mere private agent of the plaintiffs. The person confessing the judgment styles himself agent for the plaintiffs, and it does not appear that he is an attorney in any court. The power not having been pursued, the act is not valid.