Johnson, J.
To reverse the judgment of the district •court affirming the common pleas, two points are made:
1. That these records do not disclose the fact that they .are “judicial proceedings,” within the meaning of art. 4, sec. 1, of the constitution of the United States, and the act ■of Congress of May 26, 1790.
2. That the record shows that the attorneys who confessed the judgment for the plaintiff were also his attorneys, and, therefore, these judgments are void.
It is claimed that these transcripts are not a “judicial proceeding,” because they show judgments by confession before a prothonotary, in vacation of the court.
To assume that the record, taken as a whole, is not that ■of the court, but of its clerk, is to contradict the recitals of the record itself.
It is true the docket entry shows that the confession was on the 11th of December, 1871, but it does not appear that the court was not then in session, a.nd that the entry, signed Jno P. Reed, Pro., was not at a term of the court.
These transcripts describe the proceedings as copied from the record of the court, and not of its clerk. They are certified by the prothonotary, and authenticated by the presiding judge, as required by the act of Congress, as “ a *74 full and true copy of the record of the ease, ... as fully and entire as the same remains among the records of said court.” They purport to be taken from the record of the proceedings of the court at the February Term, 1872.
It may now be regarded as settled that the judgments, of courts of record of sister states are entitled to full faith and credit in every other state, when duly authenticated' as required by act of Congress, and that in an action brought thereon in another state the jurisdiction of the court rendering the same over the subject-matter and the person are the only questions open for inquiry. Pennywit v. Foote et al., 27 Ohio St. 600; McElmoyne v. Cohen, 13 Peters, 330; Bissell v. Briggs, 9 Mass. 462; Rose v. Himety, 4 Cranch, 269 ; Webster v. Reed, 11 Howard, 437 ; Galpin v. Page, 18 Wall. 355; Thompson v. Gas-Light Co., 19 Wall. 60 ; Spencer v. Brockway, 1 Ohio, 261; Goodrich v. Jenkins, 6 Ohio, 44; Paine’s Lessee v. Moreland, 15 Ohio, 445.
■ If the jurisdiction of the court is not impeached in either respect, and the judgment is by the laws and usages, of the state where rendered a valid and conclusive determination of the rights of the parties, it is equally conclusive in every other state, and as a judicial proceeding is entitled to full faith and credit.
It is conceded that, by the law of Pennsylvania, these are valid judgments in that state, but it is claimed that an inspection of the record shows that they are not judicial proceedings of a court of that state, but only judgments in form confessed before the prothonotary or clerk of the court, and not rendered by the court, and therefore not within the purview of section 1, article 4, of the constitution of the United States.
To this we answer, first, that the record purports on its face to be copied from the records of the Court of Common Pleas of Bedford county.
Both the caption and certificate describe them as proceedings of the court.
The determination of this point is to be ascertained by an inspection of the records themselves.
*75 As already stated, they are entitled, certified, and authenticated as the proceedings of the court, and not of theprothonotary, made at a term, of the court.
Although the papers are filed and confession entered the 11th of December, 1871, this action is made as of the February term following, and is conclusive in this action.
To assume that these proceedings are not the solemn adjudications of the court, by one of its officers, duly authorized, is to contradict the recitals of the record itself.
Assuming, however, that these judgments were entered in vacation before the prothonotary, it does not follow that they are not judicial proceedings of a court. As shown, that officer had power to enter on the records of the court judgments by confession on warrants of attorney, without the agency of an attorney or declaration being filed, and it is made his duty to enter on his docket the date and tenor of the instrument on which the judgment is founded, which shall have the same force and effect as-if a declaration had been filed and judgment confessed by an attorney, or as if obtained in open court and in term time.
By this statute a judgment on a warrant of attorney,, rendered in vacation before the prothonotary, is as valid in that state as if a declaration had been filed and a regular1 confession made by an attorney, or as if obtained in open court in term time.
That the rendition of a judgment on a warrant of attorney authorizing the same is a judicial proceeding we-admit, but there is nothing appearing in the record to show that the State of Pennsylvania may not confer this judicial power on the prothonotary as well as upon the judge.
In the absence of proof to the contrary, we will presume that the statute is warranted by the constitution of that state. Indeed, the fact is, under the constitution of that state, it is a valid act, and therefore judgments rendered under it are, in that state, as binding as if rendered in term time and in open court.
The statute gave the prothonotary power to enter up- *76 .such judgments, and the defeñdant’s warrant of attorney gave the court jurisdiction over the person. The record, when made up, became the official evidence of the judicial proceedings of the court, as certified, and not the acts of the clerk.
In accordance with this view, it was held in Harness v. Green’s Adm’r, 19 Mo. 323, and Randolph v. Kuler, 21 Mo. 557, that a judgment of a sister state, which appears to have been rendered by the court on a confession before the ■clerk in vacation is conclusive.
2. It is said the judgments are void, because the record ■shows that the same attorneys appeared for plaintiff and the defendants.
It is true that, as a general rule, an attorney can not accept employment conflicting with the interest of his client. "When once retained in a case, he is bound to it by the highest considerations, and must bestow on it, not only such care as high-toned and competent men, under the circumstances, are accustomed to bestow, but he must permit no other interest to divert him from his allegiance.
Therefore, it is said, he can not act as a commissioner to take testimony, nor as solicitor for the receiver whose appointment he moves, nor as master to execute a decree, nor as administrator of an estate against which he is pressing a hostile claim. ("Wharton on Agency, sec. 573.)
. Rut this does not prevent an attorney from acting as umpire by consent of the opposing party. It is likewise competent for two principals, with separate and independent interests, for the purposes of convenience, to unite and appoint a common agent. If this is done knowingly, with the intention that the agent shall represent each, he is authorized, in the absence of specific instructions, and when there is no opportunity of resorting to his principals for advice, to adjust the relations of the two. (Wharton on Agency, secs. 56, 244, 513, 573, and authorities.) Joslin v. Cowen, 56 N. Y. 626.
If, however, without such knowledge or consent, he acts for an adverse party, he is guilty of a gross breach of trust, *77 making himself personally liable to his principal for the-damage, and vitiating, at the principal’s election, any contract made under the influence of such disloyal engagement. Eor aught that appears or is alleged, these attorneys acted also for plaintiffs in filing the declaration, with-the knowledge and consent of defendants.
But if this were not so, their action would be only void at the election of the party injured. It is an act that maybe ratified. That election can only be made in the court, where the judgment was rendered.
It is unnecessary, however, to determine the effect of such a proceeding, if application had been made to the-court where the judgment was rendered.
It is enough for this case to say that, in the absence off any allegation of fraud in the attorneys, or of want of authority on their part to act in the premises, whatever remedy the defendants may have, must be sought in the-court where the judgment was rendered, and not in that of another state; that as, by the law of Pennsylvania, these are valid judgments there, they are equally so here and that, as judicial proceedings of the court where rendered, they are entitled in this state to as full faith and. credit as by law or usage they have there.
The judgment of the district court and-of the court off common pleas is reversed, and cause remanded.