Wash, J.,
delivered the opinion of the Court.
Sallee brought an action of debt against the defendants on a decree in Chancery, rendered against them in the State of Kentucky. The declaration contains four counts.
The first count set out that the decree was made in the Circuit Court for Montgomery county, in the State of Kentucky, against the defendants, as heirs of one William Hays, deceased, for the non-performance of covenants entered into by their said ancestor, &c. That the same was directed to be levied of the assets real, which had descended to them from their said ancestor, averring that according to the laws of Kentucky, the decree bore interest, &c.; and that assets real, more than sufficient to pay and satisfy the decree, had come by descent to the hands of the defendants.
The second count contains the same averments, with an additional one, that by the laws of Kentucky, iu force at the time the decree was rendered and ever since, the same was conclusive upon the defendants, &c.
The third count is precisely like the second, except in averring that by the laws of Kentucky, the decree was prima fade evidence of debt against the defendants.
The fourth count contains the farther averments that the suit was commenced in the Montgomery Circuit Court against the defendants, who were then non-residents of the State of Kentucky, together with other defendants who were residents of the county, upon a cov.enant of the defendant’s ancestor, touching the title to a tract of land which was lying in said county, and within the jurisdiction of the Montgomery Circuit Court; that orders of publication were duly made and proved against said defendants according to the laws of Kentucky; that according to those laws the decree thus made and obtained, was prima facie evidence of debt due from the defendants to the plaintiff; and that said defendants had no assets real by descent in Kentucky, but had in the State of Missouri, more than sufficient to pay and satisfy the decree, &c.
The defendants pleaded,
First. Nul tiel record.
Second. Nil debet.
Third. That they were not residents of the State of Kentucky at the commencement or any time during the pendency of the suit in Chancery; that they had no legal notice served on or given to them to appear and defend said suit; that they never waived notice or submitted themselves to the jurisdiction of said Montgomery Circuit Court, &c.
The fourth plea averred that the said Chancery Court in Kentucky, had no potter or jurisdiction to bind them by their judgment and decree declared on, &c. Issue *85 was joined on the first, second and fourth pleas, and the Court sitting as a jury, found for the plaintiff on the first and fourth ; and for the defendants on the second. To the third plea, the plaintiff filed a replication, stating that by the laws of Kentucky, the said Montgomery Circuit Court had power to enter decrees against absent defendants, after publication duly made, and averring that due publication had been made according to said laws, by virtue of which the decree was legally and properly given, and was obligatory and conclusive upon said defendants, that they had received notice, &e., to which replication the defendants demurred, and had judgment, and the question now submitted to the consideration of this Court, grows out of the demurrer to this replication to the third plea. Various errors have been assigned.— The first, and the only one that need be now disposed of, is, that the Court erred in sustaining the defendants’ demurrer to the plaintiff’s replication to the defendants’ third plea.
It has been strongly urged that by the 1st sec. of the 4th art. of the Constitution of the United States, and the act of Congress passed May the 26th, 1790, providing for the authentication of records and judicial proceedings, “ as they have been construed by the Supreme Court in the case of Mills and Duryee, 7 Cranch, 481, and the case of Hampton and McConnel, 3 Wheat. 234, full faith, credit and effect, should be given to the decree set out in the plaintiff’s declaration; that since it has been admitted by the demurrer, that the same would be conclusive, or at least prima fade evidence of debt against the defendants in the Courts of Kentucky, it should be so taken and held in the Courts of Missouri. The language of Ihe Court in the cases cited, is certainly very strong, and seems to push the law beyond the occasion. .Those judgments were obtained upon actual personal notice : and in Mills and Dur-yee, Mr. Justice Story, in delivering the opinion of the Court, lays much stress upon that fact. We should submit with deference to the decision of the Supreme Court upon a case in point, but until the case does occur, and the decision is made, we shall indulge the hope that the doctrine will never be pushed farther than it has been in the cases above referred io. The references which hav.e been made to the decisions in Pennsylvania, Connecticut and Vermont, seem to give to judgments founded on attachments, the weight of prima fade evidence. This is farther than we wish to go. The case of Patrick and Hutcheson, decided by this Court, does not touch the question now under consideration. Upon the whole, therefore, without attempting to discuss the minor points that have been raised in the pleadings, the judgment of the Circuit Court being for the right party on the merits, it is affirmed with costs, and this cause is remanded to the Circuit Court, with directions to set aside the finding of the jury on first and fourth issues.