GILLETT, Plaintiff in Error, v. CAMP AND WIFE, Defendants in Error.

1. A proceeding in a probate court of a sister state against a citizen of the state of Missouri, with constructive notice only, is not a judicial proceeding within the meaning of the constitution of the United States.

*Error to Warren Circuit Court.*

The amended petition in this case is as follows : " Plaintiff states that in the year of our Lord 1848, he was appointed guardian of Elvira Debo, a minor at that time, under the age of twenty-one years, by the Probate Court of the county of Lafayette, in the state of Wisconsin, at which time the said Elvira owned an interest in several negroes in Marion county, Missouri, worth about $1000, and which interest is now much larger ; and said negroes are still in the said county of Warren; that he qualified as such and accepted the trust ; that she was at that time living with him in said county of Lafayette ; that from that time he took care and control of her ; furnished

her a support, clothed and sent her to school, until some time in the year of our Lord ————, while she was at school in the city of St. Louis, she, without his knowledge or consent, left the school he placed her at, and got married to said Beverly Camp ; that, at the commencement of this suit, he and she were living together as husband and wife, in the county of Warren, state of Missouri. He further says that after he ascertained that she had left the school and married the defendant, he informed the probate court aforesaid of the fact, and, under the direction of that court, gave the notice required of the time and place he would apply for a final settlement of his accounts as her guardian ; and that, in pursuance of that notice, he did present to said court, at the court-house, in the village of Shullsbury, in the county of Lafayette, in the state of Wisconsin, on the 28th day of November, 1853, his account for his advances and expenses for her support, clothing and schooling, the interest thereon, and costs of his guardianship ; that said accounts were then and there fully examined by the court ; that, upon this examination of the accounts and settlement thereof, the court allowed a balance due said plaintiff against the said Elvira and Beverly her husband, of the sum of $612 47 ; that said balance is yet due with interest thereon, and every part thereof unpaid ; that said allowance and decree has not been appealed from or in any way reversed, but still remains in said court in full force ; wherefore he asks judgment for the same, with interest till paid. Plaintiff further says that said defendants are indebted to him in the said sum of $612 47, for money paid and expenses incurred by him towards the education and maintenance of the said Elvira, before her marriage, for which he asks judgment. The plaintiff further states that, upon the final settlement aforesaid, the court discharged him from any further duties as guardian of said Elvira."

To this petition defendants demurred ; the court sustained the demurrer, and gave judgment for the defendants. Plaintiff brings the case to this court by writ of error.

*Hunt, Broadhead, A. D. Glover* and *Glover & Richardson*, for plaintiff in error.

I. Gillett's guardianship ceased on the marriage of his ward Elvira with Camp, and gave him a right to a final settlement of his accounts with her and her husband. (Reeve's Dom. Rel. § 327.)

II. Gillett was not bound to maintain and educate his ward at his own expense, but had a right to be reimbursed therefor out of her estate, she having an estate in Missouri. (Reeve's Dom. Rel. 324.)

III. The Probate Court in Wisconsin that appointed Gillett guardian of said Elvira, had jurisdiction to audit and settle his accounts ; and after notice given f r the purpose, a final settlement has the force of a judgment. (Caldwell v. Lockbridge, 9 Mo. 362.)

IV. The record of this judgment recites that the defendants were notified, and it is so stated in the petition. These recitals as to the jurisdiction of the court, as well as those relating to the merits, as they are a part of the record, must be taken as true and conclusive till appealed from or corrected in that court. (16 Mo. 108 ; 10 How. 571 ; 19 Mo. 324 ; Story's Conf. of Laws, § 606 ; 21 Mo. 557 ; 1 Stark. on Co. 209.)

V. A final settlement by a guardian, in the proper probate court, after due notice given according to the requirements of the statute for such settlement, is conclusive against the world, whether any of the parties interested were actually present or not, unless it can be impeached for fraud or collusion. (1 Stark. Ev. 228, 231 ; 4 Johns. Ch. 106. See generally Parks v. Stonum, 8 Ala. 752 ; 1 Greenl. Ev. § 504 ; 1 Kent Com. 260 ; Mills v. Duryer, 7 Cranch, 481 ; Warren & Datlon v. Lusk, 16 Mo. 102 ; Rev. Stat. Wis. 1849, p. 399 ; 5 Monroe, 576 ; 1 Harr. & Jo. 23, 134 ; 3 Gill & Jo. 25 ; 17 S. & R. 336 ; 1 Pet. 328 ; Elliott & wife v. Lewis et al., 3 Edwards' Ch. 40 ; Cunningham v. Pool, 9 Ala. 615 ; 2 Kent, 190, 191 ; Newport v. Cook, 2 Ashmead, 332 ; Still v. Glass, 1 Kelly, 475 ; Selin v. Snyder, 7 S. & R. 172 ; Kennedy v. Wachsmutt,

12 Serg. & R. 171; Hampton v. McConnell, 3 Wheat. 234; Green v. Sarmiento, Pet. C. C. R. 74; Smith v. Rhodes, 1 Day, 168; 1 Greenl. Ev. § 522–3.)

*Porter* and *Saunders*, for defendants in error.

I. The proceeding before the Probate Court was *ex parte* and without any notice to respondents, or appearance or waiver of notice, to warrant a judgment or decree against them, and any such judgment or decree is therefore void. (Saller v. Hays, 3 Mo. 84; Webb v. Garner, 4 Mo. 12; Smith v. Russell, 6 Mo. 463.) Such a balance found could, at most, be operative as a judgment only on the effects of his former ward in his power or control in Wisconsin, and not so as to be enforced by a suit in Missouri.

II. The facts stated in the petition do not show any judgment or decree against the respondents; nor does it show that the articles furnished his said minor ward by plaintiff were really necessaries suitable to her circumstances; nor that plaintiff furnished said articles intending at the time to charge said Elvira, the respondent, therewith; nor any promise, express or implied, to repay the same to him on the part of respondents or either of them. (Chitty on Contracts, 140, 142.)

SCOTT, Judge, delivered the opinion of the court.

The case came up on a demurrer to the petition. Camp, with his wife, who had been a ward of Gillett, resided in this state. Gillett, who had been guardian of Mrs. Camp, was a citizen of Wisconsin, where he was appointed her guardian. Mrs. Camp, it seems, had no estate in Wisconsin, at least none ever came to the hands of her guardian, if his accounts are true and just. Upon no other notice than that of a publication in the newspapers while Camp and his wife were living in this state, Gillett went into a probate court, in the state of Wisconsin, and established a demand against Mrs. Camp, as his ward. This proceeding, in a probate court in the state of Wisconsin, against citizens of Missouri, with no other than constructive notice, is

maintained to be a judicial proceeding within the meaning of the constitution of the United States, and as such is entitled to such faith and credit in all the other states as it enjoyed in the state of Wisconsin. The record does not inform us what credit was due to this proceeding by the laws of Wisconsin ; but we think we may say, however great that credit may be, it was not a record nor judicial proceeding within the contemplation of the constitution and laws of the United States. The authorities are uniform that a judgment in one state against a citizen of another state, on constructive notice, is a nullity, irrespective of the faith and credit that may be given to it by the law of the state where it is rendered. (See 2 Cow. & Hill's notes, 907.) There was no error, therefore, in sustaining the demurrer to the first count in the declaration or petition.

But there was a second count for money paid and expenses incurred towards the education and maintenance of the wife of the plaintiff. Under the liberality now allowed in pleading, we can not say that this count was insufficient.

In overruling the demurrer to this count in the petition, we do not wish to be understood as expressing an opinion favorable to the plaintiff's claim. The case is before us on a demurrer, consequently we can know nothing of the circumstances under which the charges against the defendants are preferred. A guardian can not make what accounts he sees fit on behalf of his ward, and expect them to be allowed as a matter of course. He must have regard to her expectations in life, and educate her accordingly. The other judges concurring, the judgment will be reversed, and the cause remanded.