### FOOTE *et al.*, Appellants, v. NEWELL *et al.*, Respondents.

1. By the provisions of an act of the legislature of the state of Indiana the defendant in an execution was entitled to "replevy" the same, and obtain a stay of execution for a specified period by giving a bond with securities in double the amount demanded by the execution, and conditioned for the payment of the full amount of the execution, with interest and costs at the expiration of the stay of execution. This bond the officer was to return with the execution to the office of the clerk who issued the execution, and it was made the duty of the said clerk to record the same. The act further provided as follows : "And such bond, from the date of its execution, shall be taken as, and have the force and effect of, a judgment confessed in a court of record against the person or persons executing the same and against their estates, and execution may issue thereon accordingly." A judgment was obtained in Indiana, and a bond was duly executed and filed and recorded under the provisions of the above act. *Held*, that such bond could not be sued on in the courts of this state as a judgment of a court of the state of Indiana ; that it was not entitled in this state, under the constitution of the United States and the act of Congress, to full faith and credit as a judgment of the state of Indiana.

### Appeal from Gentry Circuit Court.

The thirteenth and fourteenth sections of the act of Indiana of February 4, 1831, are as follows : " Sec. 13. That any person or persons, against whom any judgment may be obtained, may have stay of execution thereon of thirty days, if the sum for which such judgment shall have been rendered shall not exceed six dollars ; and a stay of execution of sixty days if such sum exceed the sum of six dollars and

Foote v. Newell.

does not exceed the sum of twelve dollars; and a stay of execution of ninety days if such sum exceed twelve dollars and does not exceed twenty dollars; and a stay of execution of one hundred and twenty days if such sum exceed twenty dollars and does not exceed forty dollars; and stay of execution of one hundred and fifty days if such sum exceed forty dollars and does not exceed one hundred dollars; and a stay of execution of one hundred and eighty days if such sum exceed one hundred dollars; by procuring one or more sufficient securities to enter on the record of the court rendering such judgment a recognizance, acknowledging himself, herself or themselves bail for the payment of such judgment, together with the interest and costs accrued, accruing and to accrue thereon, which recognizance may be entered in open court or before the clerk of said court, and the same shall be considered as, and have the force and effect of, a judgment confessed in a court of record against the person or persons acknowledging the same, and their estates, and execution may issue thereon accordingly. Sec. 14. That when execution of any kind may issue upon any judgment upon which no stay of execution may have been taken under the provisions of the thirteenth section of this act, the officer issuing the same shall endorse thereon that the same is repleviable, and also the costs of the rendition of such judgment; and the person or persons against whom such execution may have been issued may replevy the same for the length of time specified in the said thirteenth section of this act and from and after the date of the rendition of such judgment, and the same may be endorsed on such execution aforesaid, by tendering to the officer having such execution in his hands a bond with one or more sufficient freehold securities, made payable to the execution plaintiff, in a penalty of at least double the amount demanded by such execution, and conditioned for the payment of the full amount demanded by such execution, together with the interest and costs accruing and to accrue thereon, at the expiration of the stay of execution to be fixed according to the provisions of this section

and the said thirteenth section of this act; which bond shall be returned by the officer returning the execution, as a part of his doings thereon, to the office of the clerk from whence such execution issued; which bond shall be by such clerk recorded; and such bond from the date of its execution shall be taken as, and have the force and effect of, a judgment confessed in a court of record against the person or persons executing the same and against their estates, and execution may issue thereon accordingly."

*Lewis & Shambough*, for appellants.

I. The court erred in permitting the defendants to file an answer at the succeeding term, and in overruling plaintiffs' motion to strike out the answer. The court also should have sustained the motion to strike out parts of the answer. The court should have given the declarations of law asked. The bond had the force and effect of a judgment confessed. It is within the act of Congress. No lapse of time short of twenty years is a bar to the action. (Manning v. Horan, 26 Mo. 570.)

*Vories & Vories*, for respondent.

I. The court properly overruled the motions to strike out the answer and parts of the answer. It was filed before default was taken. The bond is not a judgment of a sister state within the meaning of the constitution and act of Congress. (See 6 Mo. 463; 1 Mo. 375; 3 Mo. 84; 23 Mo. 375.) This action is not founded upon the original judgment obtained, but upon the bond. The prayer is for the penalty of the bond.

Scott, Judge, delivered the opinion of the court.

This is an action on what is alleged to be a judgment of the court of a sister state.

The petition states that the plaintiff, at a term of the circuit court for Wayne county, in the state of Indiana, on the 2d day of November, 1840, recovered a judgment in debt for

$201.25 against the defendants Curtis, Newell and Hiram Morlan; that afterwards, in November, 1840, an execution issued on said judgment against said defendants endorsed by the clerk of said court; that the same was for making the sum therein named with interest therefrom from the 4th of November, 1840, and might be replevied according to law; which said execution was afterwards, to-wit, on the 30th day of January, 1841, returned by the sheriff of the said county of Wayne, endorsed "replevied by taking a replevin bond" and returning the same to the clerk of said court, executed by the defendants Hiram Morlan, Charles B. Newell, Joshua Cranor and Harmon Roland, on the 30th day of January, 1841, to the plaintiffs in the sum of $419.41, conditioned that should the said obligors, or either of them, well and truly pay to the said plaintiffs the said sum of $201.25, the amount of said judgment, together with the interest and costs accruing and to accrue thereon, at the expiration of the time given by law, the said bond to be null and void; otherwise to remain in full force; which said bond was duly entered by the clerk of said court on the order book of said court; all of which will more fully appear by a duly and legally certified copy of said judgment and bond, with all the proceedings done and had thereon herewith filed. The petition further alleged that by virtue of an act of the general assembly of the state of Indiana entitled "An act subjecting real and personal property to execution" approved January 4, 1831, and in force at the rendition of the said judgment, of issuing said execution, and of taking, returning and entering said bond on the order book of said court, the said bond, so entered into by the said obligors and so entered on the order book of said court, became, and from the date thereof had the force and effect of, a judgment confessed in said court by the said obligors so executing the said bond and against their estates, and execution might issue thereon accordingly. The petition then recites some payments on the judgment, and states the balance of it to be $61.83 with interest, and that the judgment for the amount is still in

force and effect and unreversed and unsatisfied; and that the said bond still remains in full force and effect, not reversed, satisfied or otherwise vacated; whereby an action has accrued to the plaintiffs to demand and have of the defendants the sum of $419.41, and therefore ask judgment for that amount.

Two of the defendants answered, Joshua Cranor and Chas. Newell, denying that any action accrued on the bond to the plaintiffs whereby they were bound for the sum claimed in the petition. They deny that they were ever served with any process, and plead the statute of limitations of ten years. There were motions to strike out the answer and parts of it, which were overruled. The suit was discontinued as to the defendants not answering. By consent the cause was submitted to the court. The record of the Indiana judgment, and the subsequent proceedings thereon as stated in the petition, were read in evidence. The statute of Indiana was also read in evidence, which directed the bond, executed under the circumstances detailed in the petition, to be taken as, and have the force and effect of, a judgment confessed in a court of record against the person or persons executing the same and against their estates. The court refused an instruction, asked by the plaintiffs, that the act of the legislature of the state of Indiana read in evidence gives to the bond in evidence in this cause the force and effect of a judgment confessed in the circuit court of Wayne county, in the state of Indiana, against the parties to said bond, and said judgment is binding and obligatory on the defendants in the courts of this state, and may be sued upon as a judgment of a court of record, and judgment may be recovered on the same in the courts of this state. There was a judgment for the defendants.

The constitution of the United States prescribes that full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state, and Congress may, by general laws, prescribe the manner in which such acts, records and proceedings shall be proved,

and the effect thereof. The act of Congress of May 26, 1790, pointed out the manner of authenticating the said acts, records and proceedings, and declared that the records and proceedings should have such faith and credit given them in every court within the United States as they have by law and usage in the courts of the state from whence the said records are or shall be taken. The question involved in this cause is not what faith and credit shall be given to a judicial proceeding of a sister state, but whether the instrument, the foundation of the action, is a judicial proceeding within the meaning of the constitution and the law. Indeed, if this is a judicial proceeding, it is difficult to find a reason why a state may not declare any contract or undertaking, on being filed with the clerk of a court of record, a judgment by confession and having the force and effect of a judgment, and thus make it a judicial proceeding within the meaning of the federal constitution. The statute of Indiana itself did not regard the proceedings under the execution as judicial, for if it had been so regarded it would not have been necessary to declare that the bond be taken as, and have the effect of, a judgment confessed in a court of record. It is not usual for a tribunal performing judicial acts to declare the character of the acts; it is sufficiently apparent from the face of the proceedings themselves.

If a state, in carrying out a policy of her own, disapproved or discountenanced in other states, finds it convenient to give to proceedings having no affinity to judicial ones the force and effect of judgments, the other states are not required by the constitution to give to those acts the force and effect they may have in the state by which they were authorized. Comity requires that nations should respect the judicial proceedings of each other. The constitution exacts this comity between the states as a duty and carries it further than the comity among foreign nations extends. Under these circumstances, it would be great perversion to require the states to give to any contract or undertaking, declared by a state to be a judgment for the sake of a speedy remedy, the force and effect of a judi-

cial proceeding. The bond is a penal one, being for a sum double the amount of the original judgment. We know how to deal with a penal bond; but what is to be done with a penal judgment? The plaintiffs claim the amount of the penal bond, which they maintain is a judgment within the meaning of the constitution of the United States. We are not informed whether, by the law of Indiana, an execution issues for the entire penalty, or for the amount due on the original judgment. We may form a conjecture on this subject, but how singular in judicial proceedings is a judgment for a penal sum to be discharged by the payment of a less at a given time, otherwise to remain in full force. The statutory proceedings and judgment on a penal bond furnish no support to such a course. In such cases, the amount of the damages is ascertained for which the execution is awarded. Can this judgment be said to be final and complete at the date of the bond, if its existence or nonexistence is made by its terms to depend on the happening of a future event? Before the courts here can declare that this is a judgment to be carried into effect under the constitution, must not the court of the state, where it was rendered, have previously determined whether the event had occurred on which its validity is made to depend? If our courts do this, are they not merely rendering a judgment in the first instance ancillary to the foreign courts, not carrying their judgments into effect, but aiding them in forming the original judgment?

We do not deem it necessary to express any opinion in relation to the action of the court below on the answer, nor as to the sufficiency of it, as the plaintiff by his own showing is not entitled to recover.

If the bond is to be regarded as a bond, the ten years' limitation would bar an action on it, unless the plaintiffs bring themselves within some exception. The cause of action accrued after the 1st of December, 1835, and this action was commenced in 1859, when the limitation act of the code of 1855 was in force. The cause of action on the bond accrued when the act of 1835 was in force; hence by the provisions

of the act of 1855 the statute of limitations of the code of 1835 would govern the action. Under this statute, the statute of limitations did not commence running in favor of the defendants until they came into the state. (Thomas v. Black, 22 Mo. 322 ; Tagart, adm'r of Stone, v. The State of Indiana, 15 Mo. 212.) We do not see how an action could be maintained on the bond as such, unless the original was produced.

If the bond is to be regarded as a judgment, then the limitation act of 1835, so far as it relates to the judgments, would be the law of the case. Affirmed.