Abbott v. Sheppard et al.

---

Joel Abbott, Appellant, *v.* H. Sheppard *et al.*, Respondents.

1. *Judgments in personam, where no property was attached, held invalid.*—A judgment merely *in personam* against a non-resident debtor founded on notice by publication, as provided by section 13, p. 1224, R. C. 1855, is void, and may be impeached collaterally. The publication gave the court no jurisdiction over his person. Plaintiff by attachment under such notice might secure jurisdiction over the specific property attached, but not over the person or any other property.

*Error to Third District Court.*

*T. A. Sherwood,* and *James F. Hardin,* for appellants, relied on 8 Cal. 449; 9 Cal. 111; 12 Cal. 102, 283; Laws of Cal., 1850-3, §§ 30, 31, p. 524; Pomeroy v. Betts, 31 Mo. 419; Janney v. Spedden *et al.*, 38 Mo. 395; 14 Wis. 591; 33 Barb. 71; 33 N. H. 228; Story's Conflict of Laws, §§ 546, 549; 10 Wis. 501, 563; 13 Wis. 222; 5 Mason, 35; 1 Barb. 291; Douglas v. Forrest, 686; 21 Verm. 535; 11 How. 165; 5 Ga. 94; 24 Texas, 468; 4 Zabr. 333; 11 Ohio, 511; 20 Cal. 81; 22 How. 352; 22 Mo. 335.

*John S. Phelps,* and *James Baker,* for respondents.

The judgment against Wooten was void. (Smith v. McCutchen, 38 Mo. 415; Janney v. Spedden, *id.* 395; Latimer v. Union Pacific Railway, 43 Mo. 105; Boswell v. Dickinson *et al.*, 4

McLean, 262 ; Boswell's Heirs v. Otis *et al.*, 9 How. 336 ; Story's Conflict of Laws, § 539 ; 11 How. 459 ; 5 Mason, 40, 42, 47, 53 ; 38 Mo. 415 ; 2 Iowa, 461 ; 6 Iowa, 183 ; 10 Iowa, 576 ; 15 Johns. 139. )

BLISS, Judge, delivered the opinion of the court.

The petition in this case is for specific performance. Defendants sold a lot in Green county to one Wooten, who, as the petition alleges, paid for the same, but received no deed. The interest of said Wooten in the lot was levied on and sold upon execution, and bid in by assignor of plaintiff, and the plaintiff now seeks a deed from the original vendors. Among the defenses set up is the claim that the judgment, upon which the execution against Wooten and others was issued, was void, for the reason that no process had been served in the case ; that the defendants were all non-residents of the State, and that they were notified by publication, as provided in section 13, p. 1224, of the Statutes of 1855. The record shows that such was the fact; that the original proceedings against Wooten and others were founded upon a common indebtedness — were altogether *in personam*, and had no relation to the property in dispute ; that, upon affidavit of non-residence, the clerk ordered notice by publication ; that such notice was given, judgment by default rendered, common *fieri facias* issued, and Wooten's interest in the property sold to one Lindenbower, who assigned to plaintiff.

This question has been too often decided to admit of discussion. The judgment against Wooten was void, and can be impeached collaterally. The publication gave the court no jurisdiction over his person, and no valid judgment could be rendered. His creditors might have proceeded by attachment against specific property, and would acquire jurisdiction over that property, but not over the person or over any other property. The provision in the act of 1855 is happily deprived of its ambiguity by the act of 1864, but it never did authorize, and I might say never could authorize, a general judgment against a non-resident without notice. Such a proceeding could hardly be called " due process of law." This subject is so well discussed in Smith v. McCutchen (38 Mo. 415),

and in Latimer v. Union Pacific Railway (43 Mo. 105), that further remark would be superfluous.

The Circuit Court held the judgment against Wooten to be void, and gave judgment against the plaintiff, from which he appealed to the District Court. The transcript of the record shows that the District Court reversed the judgment of the Circuit Court, and remanded the cause, from which the plaintiff again appealed to this court. Counsel on both sides have treated the case as though the judgment in the District Court were one of affirmance instead of reversal. But the case is here, and the mistake, if there be any, will not prevent us from disposing of it.

In our opinion, the judgment of reversal in the District Court should be reversed and the judgment of the Circuit Court be affirmed. The other judges concur.