———o———

WM. R. SEVIER, et al., Appellant vs. REUBEN P. RODDIE, Respondent.

1. *Judgments, foreign—Judgment without notice—Suit upon in this State—Effect of such judgment—Extra-territorially—Summary.*—Where under the laws of Tennessee summary judgment without notice is obtained by the sureties on a bond against their principal, such judgment can have no extra-territorial validity so as to authorize a recovery in this State.

2. *Bonds, sureties on—Actions against principal in assumpsit and by subrogation.*—Sureties on a bond cannot join in an action at law against their principal

based on an implied assumpsit on his part to refund the amounts so advanced by them.

In suits in equity to be subrogated to the rights of the creditors in collaterals held by him, sureties are allowed to join and must join, because in equity they are jointly interested to the extent of the payments made by each in such collaterals.

*Appeal from Atchison Circuit Court.*

*Chandler & Sherman with John P. Lewis,* for Appellant.

I. The Tennessee Judgment in favor of plaintiffs and against defendants, as pleaded in the petition, is valid against, and binding upon, the defendant. A judgment of a court of general jurisdiction of a Sister State is conclusive, if the court which rendered the judgment had jurisdiction over the person of the defendant, and the subject matter of the action.

The principal point made by the respondent in his demurrer is, that the petition does not state facts authorizing any action on the Tennessee judgment, in that it does not appear that the court had jurisdiction over the person of the defendant. Every presumption is in favor of the jurisdiction of a court of general jurisdiction until the contrary appears, and such jurisdiction must be expressly negatived to enable a party to defend upon this ground against a judgment of such court. (4 Phillips Ev., (C & H. notes,) 109 ; Shumway vs. Stillman, 4 Cowen, 294–6 ; Thomas vs. Robinson, 3 Wend, 267 ; Buffum vs. Stimpson, 5 Allen, 591 ; Dunbar vs. Hallowell, 34 Ill., 168, and authorities there cited.)

An examination of the authorities, permitting the jurisdiction of a court of a Sister State to be impeached for want of jurisdiction over the person of the defendant, shows that nearly all of them, which sustain such a defense, rest it upon the double ground, that there had been no service of process or appearance, and that the defendant did not reside within the limits of the State in which the judgment was pronounced, so as to be bound by its laws as declared and applied to his particular case. The presumption being in favor of the jurisdiction where both of the above mentioned grounds for such defense do not appear, such defense will be overruled. (2 Am.

Lead. Cas., 814; 4 Phill. Ev., (C. & H. notes) 114–115; Holt vs. Alloway, 2 Blackf., 108; Bimcler vs. Dawson, 4 Scam., 536; Granger vs. Clark, 22 Maine, 128; Rangeley vs. Webster, 11 N. H., 299.) The petition in this case shows no such want of jurisdiction.

II. The "Legislative Enactments" of Tennessee set forth in the petition constituted a part of the law of that State, and defined the rights and liabilities of the principal and sureties in relation to each other. The laws of that State entered into their contract and they must be understood as assenting to it, and contracting with reference to such law. (Chappee vs. Thomas, 5 Mich., 59; Gildersleeve vs. The People, 10 Barb., 40; Philadelphia vs. Commoner, 52 Penn. St., 455.) By entering into a bond along with the plaintiff as his sureties, the defendant may well be said to have consented to the conditions and liabilities which the laws of Tennessee attached to his act.

III. Although a judgment of a Sister State may be attacked upon the ground that the court rendering the judgment had no jurisdiction over the person of the defendant, yet when the question of such jurisdiction is presented it is to be determined in accordance with the laws of the State where the judgment was pronounced. (Barney vs. White, 46 Mo., 139; Blackburn vs. Jackson, 26 Mo., 308; Bincler vs. Dawson, 4 Scam. 542; 4 Phillips Ev., (C. & H. notes) 100, 101 and 118, and authorities cited.)

IV. It is a general principle, recognized as well by courts of law as by courts of chancery; that a surety who has paid the debt of his principal is at once subrogated to all the rights, remedies and securities of the creditor. (Bailey vs. Brownfield, 20 Penn. St., 41; Clason vs. Morris, 10 John, 524; Lewis vs. Palmer, 28 N. Y., 271; Cummings vs. Little, 45 Maine, 183; Dempsey vs. Bush, 18 Ohio St., 376; Billings vs. Sprague, 49 Ill., 509; Jones vs. Tincher, 15 Ind., 308; Springer vs. Springer, 43 Penn, St., 518; McCormick's Admr., vs. Irwin, 35 Penn. St., 111; Irick vs. Black, 2 Green (N. Y.,) 189; Joyce vs. Joyce, 1 Bush, (Ky.) 475; Fell's Law of Guar. and Sur., 296, *n. 1.*) In this no injury is done to the principal debtor,

nor is there any violation of any principle of natural justice. The plaintiffs as sureties have only availed themselves of the statutory mode of subrogation instead of any method of the common law. In either case no notice to the defendant as principal debtor is required, nor would it avail him anything if notice were given to him.

V. If the Tennessee judgment is not sustained, the action against defendant on his indebtedness to plaintiffs as his sureties may be jointly maintained by plaintiffs. (Sweet, Adm. of Jones vs. Jeffries, 48 Mo., 281; Barb. on Part., 326; 4 Pet., 190; Wright vs. Post, 3 Conn., 142; Simmes vs. Brown, 16 Barb., 325; 19 Ill., 320; 10 Iowa, 201.)

*A. H. Vories*, for Respondent.

I. Sureties must recover each for himself against his principal, for the amounts paid out. The action is several, not joint; and the recovery cannot be upon the original judgment or note merged in the judgment, but simply upon a promise which the law implies and which springs out of the antecedent relation of the parties. (Singleton vs. Townsend, Admr., 45 Mo., 379.)

II. Whilst the Statutes of the State of Tennessee, provide a remedy for the protection of sureties in that State, by rendering judgment in their favor without notice to, or process served upon their principal, which may be operative in that State, yet a judgment so rendered *there*—without process, *notice to*, or appearance of the principal, cannot be enforced in the State of Missouri, either under our laws or the laws of Congress. (Sallee vs. Hays, 3 Mo., 116; Gillett vs. Camp and Wife, 23 Mo., 375; Foote vs. Newell, 29 Mo., 400; Mills vs. Duryes, 2 Am. Lead. Cas., 721 to 743; and authorities there cited.)

III. If it be contended that the action is brought to recover upon the implied contract of plaintiffs as sureties, then the suit must be several and not joint—and was barred by the Statute of Limitations of five years.

*Bennett Pike*, for Respondent.

The court below properly sustained the demurrer, if the action is upon the judgment. It is expressly alleged in the petition, that defendant had no notice of the rendition of the judgment sued on in the State of Tennessee.

I. A judgment of a court in another State is not entitled to full faith and credit, under the constitution and laws of the United States, unless the court has jurisdiction of the parties, as well as the subject matter. (Gleason vs. Dodd, 4 Met., 333 ; Wood vs. Watkinson, 17 Conn., 500 ; Bissell vs. Briggs, 9 Mass., 462 ; Sallee vs. Hays, 3 Mo., 116.)

Defendant must have had due notice to appear, and be subject to the jurisdiction of the court, or the judgment of another State against him will not be deemed of any validity. (Wilson vs. Jackson, 10 Mo., 329 ; Warren Manf. Co., vs. Ætna Ins. Co., 2 Paine, 501 ; 29 Maine, 19.)

If want of jurisdiction appears on the record, it need not be pleaded. (Smith vs. Smith, 17 Ill., 482.)

A judgment without notice is void; to bind a person by a judgment when he is not summoned, or notified, is contrary to natural justice. (Roach vs. Burns, 33 Mo., 319 ; Smith vs. Ross & Strong, 7 Mo., 465 ; Anderson vs. Brown, 9 Mo., 646, 649 ; Sanders vs. Rains, 10 Mo., 770 ; Starbuck vs. Murray, 5 Wend., 156 ; 8 John., 86.)

II. Judgments rendered, on what is termed constructive notice, though they may have the force and effect of those obtained after a personal knowledge of the proceedings, under the statute law of a State, have no extra-territorial validity, and the comity of the courts of other States does not extend to them in any respect. (Overstreet vs. Shannon, 1 Mo., 529; Sallee vs. Hay, 3 Mo., 116 ; Smith vs. Ross, 7 Mo., 463 ; Gillett vs. Camp, 23 Mo., 375.)

The validity of the judgment sued on, rests entirely upon the Statute law of the State of Tennessee, and the courts of this State will not respect it, if that law is opposed to our own, and is not consonant to reason and justice as to our law. (See 2 W. S., 1304, §§ 9, 10 ; Vallee vs. Dumerque, 4 Exch., 290.)

III. If it be claimed that there is enough in the petition,

after disregarding the averments as to the judgment as immaterial, to sustain an action for contribution by plaintiffs against defendant, we insist that the demurrer is well taken, because plaintiffs sue jointly, instead of severally, and do not allege or show a joint consideration and a joint promise. (Lindell vs. Brent, 17 Mo., 150; Dcremus vs. Selden, 19 John., 213; Gould vs. Gould, 8 Cowen, 168; Hatch vs. Brooks, 2 Mass., 293.)

ADAMS, Judge, delivered the opinion of the court.

This case came here on a demurrer to the plaintiffs' second amended petition, which was sustained by the Circuit Court. The petition alleges in substance that plaintiffs were the sureties of the defendant in the state of Tennessee on two several bonds for payment of money; that a judgment was obtained in Tennessee in a court of general jurisdiction against the plaintiffs and defendant, and that the plaintiffs as the sureties of defendant paid the amount of such judgment and costs, and that afterwards, and without any notice to defendant, a judgment was rendered in the Tennessee court in favor of plaintiffs, for the amount they so paid as sureties for defendant; and the petition sets forth the statutory law of Tennessee, which allows judgments of this character to be rendered in summary proceedings in favor of sureties, jointly or severally, and the petition then prays judgment for the amount of the Tennessee judgment so rendered in favor of plaintiffs as defendant's sureties.

1. If it was the design of the plaintiffs to base their right of recovery upon the summary judgment rendered in their favor by the Tennessee court without any notice to the defendant, it is clear to my mind, they have no standing in court. Whatever force a judgment may have under the statutory laws of Tennessee, it can have no extra-territorial validity so as to authorize a recovery here. (Salle vs. Hays, 3 Mo., 116; Gillett vs. Camp and Wife, 23 Mo., 375; Foote vs. Newell, 29 Mo., 400; Smith vs. McCutchen, 38 Mo., 415; Roach vs. Burns, 33 Mo., 319; Sto. Confl., Laws, § 539; Abbot vs. Shepherd, 44 Mo., 273; Latimer vs. Union Pacific Railway, 43 Mo., 105.)

2. If the plaintiffs are suing for money paid by them as sureties for defendant on the implied assumpsit of the defendant as principal to refund the amounts so advanced by them, then the objection that they cannot join as plaintiffs in such suit is well taken. At least there is nothing in this petition to show that the defendant's obligation or duty towards them, was a joint one. They did not undertake as partners or jointly to become the sureties of defendant. No such allegation is made in the petition and the natural inference therefore is, that each must stand on his own rights as a separate surety. They cannot join in an action at law for the recovery of the moneys advanced by them, the implied promise being to each separately and not to them jointly, (Gould vs. Gould, 8 Cowen, 168; 3, B. & P. 225, 2, T. R. 283.)

In suits to be subrogated to the rights of the creditor on collaterals held by him, sureties are allowed to join and indeed must join, because in equity they are jointly interested, to the extent of the payments made by each, in such collaterals.

Judgment affirmed. The other judges concur except Judge Vories not sitting.