CENTRAL PENNSYLVANIA CONFERENCE EDUCATIONAL SOCIETY OF THE METHODIST EPISCOPAL CHURCH, Appellant, v. HARPER M. LARUE, Respondent.

Kansas City Court of Appeals, May 27, 1912.

1. JUDGMENTS BY CONFESSION: Foreign State: Debt: Evidence: Prothonotary. A prothonotary in the state of Pennsylvania has no authority to confess judgment for a debtor in a written instrument unless the debt can be ascertained from the face of the paper itself. And if it requires evidence to ascertain what the sum claimed to be due is, the prothonotary cannot enter a confession of judgment under the law of that state.

2. ———: ———: Written Paper: Conditions: Contingencies. Where a note was given payable only on several conditions and contingencies therein set out, and there is nothing to show that these have transpired, the prothonotary in Pennsylvania has no authority to enter a confession of judgment thereon.

3. ———: ———: ———: ———: Personal Service: Authority of Prothonotary. Where a confession of judgment has been entered by the prothonotary and there has been no personal service, the authority of the person confessing the judgment may be questioned in an action on the judgment in another state.

Educational Society v. LaRue.

4. ———: ———: ———: ———: Judicial Powers: Face of
Paper: Action. In confessing and entering judgment in the
state of Pennsylvania, the prothonotary only acts as clerk of
the court; he has no judicial powers and cannot hear evidence
of the debt, but must look to the terms of the instrument
authorizing the confession, and if it does not disclose a proper
state of facts, no confession can be made which will bind the
defendant in an action on the judgment in this state.

5. ———: ———: ———: Judicial Proceedings: Clerk: Ju-
dicial Power. Though a foreign judgment should be considered
as valid in the state where rendered, yet if it is not the result
of judicial proceedings, but is entered by the clerk as by the
confession of the debtor, it is not conclusive against the debtor
where asserted by an action thereon in another state. The
debtor cannot confer judicial power upon the clerk of a court
so as to enable him to perform the functions of the court.

Appeal from Jackson Circuit Court.—*Hon. O. A.
Lucas,* Judge.

AFFIRMED.

*New & Krauthoff, John N. Davis* and *John Tay-
lor* for appellant.

*George Kingsley* for respondent.

ELLISON, J.—This action is on a judgment ren-
dered against defendant in the state of Pennsylvania.
The defendant prevailed in the trial court.

The judgment purports to be by confession of de-
fendant, entered in the Pennsylvania court by the pro-
thonotary of that court; it being contended by plaintiff
that the instruments upon which the judgment was
taken not only authorized the confession, but author-
ized the prothonotary to make or enter such confes-
sion. One of the obligatory instruments upon which
the judgment was rendered (the others beink like it)
is as follows:

"WILLIAMSPORT, PA., April 15, 1896.

"On demand, I promise to pay, for value received, to the treasurer of the Central Pennsylvania Conference Educational Society of the Methodist Episcopal Church, the sum of seventy-five........./1·00 dollars, subject to the following conditions, to-wit:

"I have given the above note for money borrowed as a means of securing an education preparatory to becoming a minister or missionary of the Methodist Episcopal Church, on the following conditions, viz.:

"1.   That payment will not be demanded while I consistently pursue my studies and make other appropriate efforts to attain the object above stated.

"2.   That upon leaving school settlement be made with the treasurer by giving a note covering all my indebtedness, which note shall bear interest at five per cent after two years, said interest to be paid on January 1 and July 1 of each year.

"3.   That in case of any change of purpose, or of my failure to enter the ministry of the Central Pennsylvania Conference of the Methodist Episcopal Church (unless it be through loss of health) I shall hold myself to be both morally and legally held to make payments of said note in full, with interest at six per cent from the date of the note.

"4.   That, except in the case of foreign mission service, I shall hold myself both morally and legally bound to refund to the board after two years from the time I cease to attend school or sooner if practicable, the full amount of principal, together with the interest accruing after said two years, and if I fail to keep or perform any or all of the above stated conditions, I hereby confess judgment for the above sum, hereby waiving the benefit of any and all exemption laws, release of all errors and stay of execution."

It will be observed that the latter part of the promissory instrument executed by defendant authorized a confession of judgment—it was, in fact, a confession

of judgment, so far as it could be made by the paper itself. It does not appear whether defendant resided in and was a citizen of the state of Pennsylvania when he executed the instrument in 1896, though it does appear that he has been a resident of this state since April, 1899. We therefore cannot say whether his citizenship would have controlling effect, if it were necessary to pass upon this branch of the case, as intimated in Grover & Baker S. M. Co. v. Radcliffe, 137 U. S. 287, 298.

But there is another branch of the case which we believe should control an affirmance of the view taken by the circuit court. While a prothonotary in a foreign state, may enter a judgment as by confession, when duly authorized in the writing evidencing the defendant's debt, and such judgment will be given full faith and credit in a suit upon it in this state (Randolph v. Keiler, 21 Mo. 557; Crim v. Crim, 162 Mo. 544), yet, if the duty of the prothonotary cannot be ascertained from the provisions of the obligatory paper, and the precise sum for which judgment should be rendered cannot be ascertained from the paper, and an inquiry *aliunde* the paper is required, it must pass under judicial scrutiny and direction and cannot be acted upon by the prothonotary. Thus, in Connay v. Halstead, 73 Pa. St. 354, there was a written contract for the sale of land at ten dollars per acre, the quantity to be determined by a survey, and it was held that a prothonotary's authority given in the contract to confess judgment for the sum found to be due, could not be exercised. It is said in that case that the party himself must have acknowledged the sum due.

The same rule has been stated in Richards v Richards, 135 Pa. St. 239, and Whitney v. Hopkins, 135 Pa. St. 246, wherein that case was referred to with approval. In those cases the right of the prothonotary to confess the judgment was upheld under the

facts disclosed in each, but on the specific ground that
the prothonotary could ascertain from the instrument
the sum for which judgment was to be entered. The
power to confess the judgment must be strictly pur-
sued and no judicial functions should be left with
the prothonotary. In Campbell v. Goddard, 117 Ill.
251, the instrument confessed judgment for a given
sum "and a reasonable attorney's fee," and it was
held that the clerk could not hear evidence and deter-
mine what a reasonable attorney's fee was, and that:
"In fixing the amount of the judgment he can only
look at the *cognovit*, and enter judgment for the
amount there confessed." In Grover & Baker S. M.
Co. v. Radcliffe, supra, the Supreme Court of the
United States held that a power to confess judgment,
given to "any attorney of any court of record," was
not authority to a prothonotary in Pennsylvania to
enter such confession, which would be recognized out-
side of Pennsylvania, although authorized by the laws
of that state.

It will be observed that the obligatory writing in
this instance does not authorize some one other than
the prothonotary to confess judgment; nor does it, in
terms, authorize that officer to do so. So we have not
a case, like some of those cited, where some one other
than the person authorized, has confessed the judg-
ment, and we assume that the confession, being entered
by the prothonotary, sufficiently complies with the
laws of Pennsylvania to make the judgment valid, so
far as the person entering it is concerned.

But the instrument in this case upon which the
confession of judgment is entered, upon its face dis-
closes that judicial inquiry must be had to ascertain
whether anything is due. The provisions of the con-
tract are awkwardly stated and are not easily under-
stood. It is clear that the obligation is a conditional
one. The contract starts out with a promise to pay

164 App.—7

seventy-five dollars on demand (no interest mentioned) "subject to the following conditions:" First, that payment is not to be due while defendant is pursuing his studies for the ministry. Second, it is not to be due if upon leaving school he shall make a settlement with the treasurer for all of his indebtedness and give a note for the amount with five per cent interest after two years. Third, if he makes the settlement with the treasurer, he is to pay the note given in such settlement in two years, or "sooner if practicable," unless he engages in the foreign mission service, in which case we infer he is not to pay anything. But if he fails to perform these things. then he says, that "I hereby confess judgment for the above sum;" which, we suppose, means the original sum of seventy-five dollars. It will be noticed in the copy of this paper above set out there is a third "condition," which consists principally of restating his obligation to pay "said note in full with interest at six per cent from date." Though there are two notes already mentioned, we assume the first one is meant. But a few words are inserted in parenthesis which seem to indicate that if he loses his health the note is never to be paid.

The obligation to pay the seventy-five dollars borrowed by defendant in the first instance, does not arise even though he fails to pursue his studies for the ministry, or as a missionary, if such failure is occasioned by his loss of health. Nor does it arise if he attends the school, but makes settlement of his indebtedness and gives a note therefor, which we assume would stand in place of the original note. Nor would this second note become payable in case he went into the "foreign mission service." We are, however, not concerned with that note, save in an incidental way.

From the foregoing considerations it seems manifest that the prothonotary could not ascertain from the face of this paper what sum, if anything, was due

from defendant. The cases of Richards v. Richards, supra, and Whitney v. Hopkins, supra, though cited by plaintiff, are authority for defendant. For it is there asserted, as we have already intimated, that the prothonotary is but the clerk of the court, and "If the amount due cannot be ascertained from the face of the instrument, the prothonotary cannot enter judgment upon it, for . . . he has no power to act beyond." In the first of those cases there was an agreement between husband and wife, as follows: "I, Charles F. Richards, of Brooklyn, Susquehanna county, Penna: Hereby agree that from date hereof I will well use and kindly treat my Wife Mary R. Richards as becometh a Husband, that I will permit her to Visit her Parents and friends as often as she May reasonably desire, also permit her Parents, Brothers and Sisters to visit her at her House, She Shall have consent to attend Public Worship Whenever She may So desire: I hereby acknowledge that I have received from My Said Wife Mary R. Richards the sum of three Hundred and Sixty Dollars which I have used in payment of My Property for which I hereby confess Judgment with Interest and Cost and release of all errors Should I violate the above agreement, and Give the annexed Bond for the faithful performance of my part of the foregoing."

There was a bond given in double the amount of the money due the wife, for the faithful performance of the agreement. Justice Williams refers to the difficulty in understanding the agreement, but construes it to mean a direct promise to repay to the wife the money obtained from her and disposes of the bond by holding it as security for the kind treatment promised. The paper, thus construed into a separate direct and unconditional promise to pay the wife three hundred and sixty dollars, showed on its face a certain sum due the plaintiff. In the second case, the agreement was that judgment on confession should be entered if

there was default for three months in the payment of installments, and it was held that it could be ascertained from the instrument itself the amount due from the credits of payments endorsed on the paper, as well as the matter of three months' default from the last payment.

But it may be claimed that, right or wrong, a judgment has been entered in a court of competent jurisdiction in the state of Pennsylvania, recognized as valid by the courts of that state, and that it concludes defendant when asserted in the courts of another state. That is not the rule where there has been no service of process and no entry of appearance. And if there be an entry of appearance, or confession of judgment, by a person who had no authority, that fact may be shown in an action on the judgment brought in a foreign state, and we have shown that the writing in controversy was not of that character in which the law of Pennsylvania authorized the prothonotary to act.

It is not a correct statement of the law, that a true test of the conclusiveness of a judgment in a foreign state is its recognized validity by the laws of that state. [Sallee v. Hays, 3 Mo. 116; Sevier v. Roddie, 51 Mo. 580; Grover & Baker S. M. Co. v. Radcliffe, supra.] These cases are recognized as binding authority by Judge MARSHALL in Crim v. Crim, supra. A foreign judgment, to be conclusive in the jurisdiction of another state, must be a judgment founded upon judicial proceedings, which were absent in the case at bar. The sum due, if anything, was not ascertained by the paper defendant executed, and judicial power of inquiry into that question could not be delegated by him to the clerk of the Pennsylvania court. And we have seen that is the view taken by the Supreme Court of that state; but if it were not, if that state recognized the validity of such a judgment, the courts of this state would not, when such judgment came to be asserted here. If we should allow what was done

with this paper to have the force and effect of a judgment in Pennsylvania, it would be merely by force of the statute in that state, and not that it was the result of a judicial proceeding. [Foote v. Newell, 29 Mo. 400, 405.] In that case, Judge Scott said:

"If a state, in carrying out a policy of her own, disapproved or discountenanced in other states, finds it convenient to give to proceedings having no affinity to judicial ones the force and effect of judgments, the other states are not required by the Constitution to give to those acts the force and effect they may have in the state by which they were authorized."

We think the judgment should be affirmed. All concur.