Mary Alice BASTIAN,
Plaintiff–Appellant,

v.

Gary D. TUTTLE,
Defendant–Respondent.

No. 11377.

Missouri Court of Appeals,
Southern District,
Division Three.

Oct. 16, 1980.

L. Joe Scott, Daniel T. Moore, Poplar Bluff, for plaintiff–appellant.

Gary R. Cunningham, Daniel, Clampett, Rittershouse, Dalton & Powell, Springfield, for defendant–respondent.

PREWITT, Judge.

Plaintiff registered, pursuant to the "Uniform enforcement of foreign judgments law", § 511.760, RSMo 1969, a California judgment for $100,000. Defendant contested the registration. The trial court found that because there was no personal service upon defendant prior to judgment, the judgment was not entitled to full faith and credit. It ordered that the registration be "denied". We treat this as an order setting aside the registration, which is a final judgment. § 511.760.10, RSMo 1969.

■■■ Missouri must give full faith and credit to judgments of the courts of sister states unless it can be shown that there was lack of jurisdiction over the subject matter, failure to give due notice, or fraud in concoction of the judgment. *Corning Truck & Radiator Service v. J. W. M., Inc.*, 542 S.W.2d 520, 524 (Mo.App.1976). In respect to a judgment rendered by a court of general jurisdiction of another state, it is presumed not only that the court had jurisdiction both of the parties and of the subject matter, but also that it followed its laws and entered a valid judgment in accordance with the issues of that case. *McDougal v. McDougal*, 279 S.W.2d 731, 739–740 (Mo. App.1955). A party asserting the invalidity of such a judgment has the burden of overcoming the presumption of validity, unless the proceedings show that the judgment is not entitled to that presumption. Id., 279 S.W.2d at 740.

■■■ We conclude that the trial court was correct in its decision. The record of the proceedings in California was sufficient to overcome the presumption of validity as it shows that due notice to defendant was not given. Suit was commenced in the Superior Court of Orange County, California, on July 23, 1973. The "Complaint for Malpractice" claimed damages due to dental treatment on September 29, 1973. When the treatment was actually given, if it was, is not in the record before us. The "Complete Court File" of the Superior Court of Orange County shows that personal service was first attempted upon defendant March 21, 1974. No reason for that delay is in the record. An application for publication of service, and accompanying documents, filed March 26, 1975, reveal that efforts at personal service at defendant's office address failed because defendant had "moved"; that information was received by plaintiff's attorney that defendant went to Tulsa, Oklahoma "to live" and since December of 1973 was not residing in California nor practicing dentistry there; that personnel at the dental office said that they had no forwarding address for defendant; and that the local post office said that defendant still received mail at that office address. The application said defendant could not be served by any other statutory method because his "whereabouts [were] unknown".

In a "declaration of counsel" filed as a part of the application for publication, plaintiff's attorney stated that defendant could not be served at his "last known and only office address", and that counsel had been unable to locate any other office address or any home address "from the phone directory, post office in Huntington Beach or from the California State Board of Medical Examiners or from the State Board of Dental Examiners, or from the Oklahoma State Board of Registered Dentists". No other attempt to locate defendant is shown in the record. Notice of the suit was published in an Orange County, California newspaper for four successive weeks, the last being on April 23, 1975. On April 8, 1976, a default judgment was entered. Defendant did not appear or plead in the matter. There are no facts in the record which show that defendant attempted to avoid service or that he knew of the claim, the suit, or the attempts at service, prior to the judgment being registered in Missouri. There is nothing in the record contrary to the information in the application for publication which stated that defendant had moved from California nor is there anything in the record which indicates that defendant was a resident of California during the time service was attempted, publication made, or the judgment entered. We can only conclude from the record that defendant was not then a resident of California.

■■■ Publication is not sufficient notice to a former resident who has left the state,

intending not to return. *McDonald v. Mabee*, 243 U.S. 90, 92, 37 S.Ct. 343, 344, 61 L.Ed. 608 (1917); *Milosavljevic v. Brooks*, 55 F.R.D. 543, 548 (N.D.Ind.1972). A judgment rendered on such notice is invalid both in the state where rendered and outside of it. *McDonald v. Mabee*, supra, 243 U.S. at 92, 37 S.Ct. at 344. A judgment in personam against a nonresident of the state where the judgment was rendered, entered upon an order of publication without personal service of process or an entry of appearance, is not entitled to full faith and credit in the courts of this state. *Western Assur. Co. v. Walden*, 238 Mo. 49, 141 S.W. 595, 599 (1911). Also see *Union Nat. Bank of Wichita, Kansas v. Lamb*, 360 Mo. 81, 227 S.W.2d 60, 65 (1950); *Central Pennsylvania Conference Educational Society of the Methodist Episcopal Church v. LaRue*, 164 Mo.App. 93, 148 S.W. 152, 154 (1912); 49 C.J.S. Judgments § 24. c, p. 56, and 47 Am.Jur.2d, Judgments, § 1222, p. 228 and § 1258, p. 254.

Under the circumstances presented, the judgment was not entitled to full faith and credit in this state and the trial court was correct in so ruling.

The judgment is affirmed.

BILLINGS, P. J., and MAUS and GREENE, JJ., concur.