**Betty Sue WILLIAMS, Plaintiff–Respondent,**

v.

**Roy Hollister WILLIAMS, Jr., Defendant–Appellant.**

**Nos. 22297, 22537.**

Missouri Court of Appeals, Southern District, Division One.

June 25, 1999.

Motion for Rehearing and Transfer to Supreme Court Denied July 16, 1999.

Application for Transfer Denied Aug. 24, 1999.

---

1. Emphasis added.

Donald W. Jones, Aaron D. Jones, Hulston, Jones, Gammon and Marsh, Springfield, for Appellant.

J. Kaye Irwin, Kelley & Irwin, P.C., Springfield, for Respondent.

JAMES K. PREWITT, Presiding Judge.

On November 18, 1980, judgment was entered in favor of Respondent and against Appellant in the District Court of Oklahoma County, State of Oklahoma. The judgment stated it was based on proceedings at which Respondent and her then counsel appeared on April 28, 1978. The judgment awarded Respondent $7,006.48, plus interest and attorney's fees.

On January 13, 1998, Respondent registered the judgment in Greene County under the "Uniform Enforcement of Foreign Judgments Law," Section 511.760, RSMo 1994. The next month, Appellant filed a Motion to Quash Execution and Garnishment, and a hearing on the motion was held on March 18, 1998. The court overruled the Motion to Quash on April 7, 1998. The denial of the Motion to Quash Execution and Garnishment, an appealable order under Section 512.020, RSMo 1994, is the subject of the appeal in Case No. 22297.

The Circuit Court of Greene County entered a "Final Judgment" in favor of Respondent on August 26, 1998. Appeal from the Greene County judgment is case number 22537. The appeals have been consolidated.

■ The judgments of a sister state must be given full faith and credit, "unless there was (1) lack of jurisdiction over the subject matter, (2) failure to give due notice to the defendant, or (3) fraud in the concoction or procurement of the judgment." *Schumacher Elevator Co., Inc. v. Springfield Elevator Co., Inc.,* 804 S.W.2d 42, 45 (Mo.App.1991). *Also see Turner v. Turner,* 637 S.W.2d 764, 769 (Mo.App. 1982) (foreign judgments rendered without jurisdiction are not entitled to full faith and credit). A party asserting the invalidity of a foreign judgment has the burden of overcoming a presumption of validity. *Bastian v. Tuttle,* 606 S.W.2d 808, 809 (Mo.App.1980).

■ Appellant asserts that the Circuit Court of Greene County erred in denying his Motion to Quash and in failing to enter judgment in his favor because he was not properly served with summons in accordance with Oklahoma statutory requirements, and, therefore, the court in Oklahoma had no jurisdiction to enter a valid judgment against him. Respondent counters that, even if service was improper, Appellant entered a general appearance in the Oklahoma case, and the Oklahoma court ruled it had jurisdiction by denying his pleading entitled "Special Appearance and Motion to Quash," which contested jurisdiction of the Oklahoma court over him.

The Oklahoma statute on which Appellant relies stated: "The service shall be made by delivering a copy of the summons to the defendant personally or by leaving one at his usual place of residence with some member of his family over fifteen (15) years of age, at any time before the return day." **Oklahoma Title 12, Section 159.**

At the Missouri hearing on the Motion to Quash, Defendant presented a certified copy of the summons issued in the lawsuit on which the Oklahoma judgment is predicated. A separate sheet was attached to the summons, which stated in pertinent part (handwritten portions noted by bold type):

Received this writ **2–15–78** and as authorized therein, I summoned the following persons defendant__ within named at the time and on the dates following, to-wit:

**I left summons with a woman who answered the door and said Mr. Williams was not at home. She wouldn't give me her name.**

Respondent testified that Appellant and his counsel were personally present at a hearing held on December 5, 1977, in Oklahoma, and that Appellant requested the matter be transferred to another court. The Oklahoma court record, however, does not establish that Appellant made an appearance. The docket sheet of the Oklahoma court has the following entries under the date of Dec. 5, 1977:

Dec 5          Filed transfer order to
               [Judge] Saied

Dec 5 77       Ent Stricken Abjection
               to Special Judge

From these docket entries this court cannot ascertain which party made the transfer order, nor have we been provided copies of supporting documentation to aid us in our determination. From the record before us, we cannot state with certainty that Appellant filed these motions, which may have brought him under the jurisdiction of the court.

■ On March 14, 1978, Appellant filed a "Special Appearance and Motion to Quash" in the Oklahoma court, alleging improper service. In Oklahoma, a defendant may make a special appearance and subsequently take other action, without subjecting himself to jurisdiction over his person, so long as he avoids demanding affirmative relief. *Southard v. Oil Equipment Corp.,* 296 P.2d 780, 781 (Okla.1956). *See also Wagoner v. Saunier,* 627 P.2d 428, 432 n. 7 (Okla.1981).

■ Appellant contested the Oklahoma court's jurisdiction over him. That court

determined it had jurisdiction and entered judgment against him. Apparently no appeal was taken. A party questioning the validity of service to give the court jurisdiction over that party is not required to raise the court's jurisdiction over him in that court and can later raise it when the judgment is filed in another jurisdiction. *Topalian Bros. v. Asadorian*, 104 S.W.2d 713, 716 (Mo.App.1937). However, when the party litigates the issue of jurisdiction in the initial court proceedings, that court's determination on the issue, right or wrong, is conclusive upon that party and entitled to full faith and credit. *Hall v. Wilder Mfg. Co.*, 316 Mo. 812, 293 S.W. 760, 766 (1927), *Vulcan Steam Shovel Co. v. Cobb*, 199 S.W. 448, 450 (Mo.App.1917). *See also Durlacher v. Durlacher*, 35 F.Supp. 1005, 1006 (D.Nev.1940), *modified and reversed on other grounds at* 123 F.2d 70 (9th Cir. 1941)(where decision on jurisdiction is adverse and no appeal is taken, question of jurisdiction cannot again be litigated in a subsequent court).

In *Hall*, 293 S.W. at 766, the court stated:

We are bound in a proper case to give effect to the full faith and credit clause of the federal Constitution. The defendant, having invoked a direct determination of the question of jurisdiction over it in the New York court, had a full hearing upon that question, and, having permitted an adverse decision to stand [no appeal was taken], we must give to the decision of the New York court upon that question the same effect as would be given to that determination within the state of New York, or the same force and effect as if it had been rendered by a Missouri court.

Other jurisdictions agree. In 30 Am. Jur.2d, *Executions and Enforcement of Judgments*, § 852, p. 575 (1994), it is stated that a judgment is entitled to full faith and credit, even as to questions of jurisdiction, where the second court's inquiry reveals that those questions were litigated and decided by the court which entered the original judgment. In Annotation, *Conclusiveness of Decision of Sister State on a Contested Hearing as to its Own Jurisdiction*, 52 A.L.R. 740 (1928), it is stated:

There is, however, considerable support in the cases for the view that a court of one state or a Federal court sitting in that state will regard as conclusive the express, direct and deliberate decision of a court of a sister state as to its own jurisdiction, when the party adversely affected, or the party through whom he claims, was either personally subject to the jurisdiction by proper service or process, or appeared in the case, generally or specially, and was heard on the question of jurisdiction. [Citing numerous authorities, including *Vulcan Steam Shovel Co.*, [v. Cobb] 199 S.W. 448.]

Appellant asserted at oral argument on this matter that he did not receive proper notice of the ruling on his motion to quash and the judgment filed in Oklahoma. As stated earlier, it is Appellant's burden to show that the judgment of a sister state is not entitled to full faith and credit. *Bastian v. Tuttle*, 606 S.W.2d at 809. The record before us is not sufficient for this Court to conclude that Appellant did not receive notice of the entry of the judgment or that lack of same may invalidate the judgment. Appellant has, therefore, failed to overcome the presumption of validity of the Oklahoma judgment on this basis.

There is no indication here that Defendant was not given a fair opportunity to litigate the issue of jurisdiction over him. We must presume that the Oklahoma courts proceeded in a proper manner and conclude that the presumption of the validity of the judgment was not overcome. It is not clear from the record whether the court found service to be proper or that Appellant entered an appearance, but which ever it was, and whether right or wrong, that issue has been litigated and

the decision on it and the judgment is entitled to full faith and credit.

The judgment is affirmed.

CROW, J., and PARRISH, J., concur.