SENTINEL ACCEPTANCE,
LTD., L.P., Appellant,

v.

HODSON AUTO SALES & LEASING,
INC., and Janet L. Hodson,
Respondents.

No. WD 58605.

Missouri Court of Appeals,
Western District.

March 20, 2001.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 1, 2001.

Application for Transfer Denied
June 26, 2001.

David J. Weimer, Kansas City, for appellant.

Alan B. Gallas, Kansas City, for respondent.

Before BRECKENRIDGE, P.J., ULRICH and HOWARD, JJ.

BRECKENRIDGE, Judge.

Sentinel Acceptance, Ltd., L.P., appeals the trial court's judgment quashing the registration of its California judgment against Janet R. Hodson. On appeal, Sentinel argues that the trial court quashed the registration of its judgment on an improper ground. This court finds that the trial court's basis for quashing registration of the California judgment was improper, and Ms. Hodson failed to litigate a proper basis for quashing registration of the judgment. Therefore, the judgment of the trial court is reversed, and the cause is remanded to the trial court to enter a judgment registering the California judgment in Missouri.

## Factual and Procedural Background

On March 8, 1999, the Superior Court for the State of California, County of San Diego, entered a judgment confirming an arbitration award in the amount of $16,052.11 in favor of Sentinel and against Hodson Auto Sales & Leasing, Inc., and Ms. Hodson, who was president of Hodson Auto Sales.[1] In June 1999, the attorney for Sentinel filed an affidavit for registration of the California judgment in the Circuit Court of Clay County, Missouri. On April 6, 2000, Sentinel requested that a garnishment order be issued against Hodson Auto Sales and Ms. Hodson to satisfy the judgment.

Ms. Hodson's bank notified Ms. Hodson of the garnishment order on April 14, 2000. On April 20, 2000, Ms. Hodson filed a

---

1. Hodson Auto Sales did not ask that the registration of the foreign judgment against it be quashed, and the trial court specifically stated in its judgment that it was not quashing the registration as to the corporation. Hodson Auto Sales did not appeal the judgment. Therefore, this court's opinion pertains only to the propriety of quashing the registration of the foreign judgment against Ms. Hodson.

motion to quash registration of the foreign judgment, executions, and garnishments. Ms. Hodson alleged in her motion that the California judgment was not entitled to full faith and credit because the California court lacked personal jurisdiction over her, and she received no notice of the California proceedings. Ms. Hodson also argued that the registration was not in compliance with Rule 74.14, and that venue was improper in Clay County. Ms. Hodson later filed a motion for relief from the California judgment in which she argued that the registration of the California judgment should be set aside under Rule 74.06(b)(1) on the basis of surprise. Specifically, Ms. Hodson alleged that the arbitration and confirmation proceedings in California were a "complete and total surprise" to her, as was the registration of the California judgment in Clay County. Alternatively, Ms. Hodson argued that the judgment should be set aside under Rule 74.06(b)(1) on the basis of excusable neglect, because her California counsel abandoned her.

At the subsequent hearing on Ms. Hodson's motions, she testified that she was the president of Hodson Auto Sales. Ms. Hodson allowed her husband, William E. Hodson, to handle the day-to-day details of running the corporation. Ms. Hodson was employed as a realtor, and maintained an office at a different location than Hodson Auto Sales.

Ms. Hodson testified that she was never personally served with any documents relating to the California arbitration or confirmation proceedings. In fact, she testified that she was completely unaware of both proceedings, despite the fact that attorneys in California entered their appearance on her behalf and filed a response to Sentinel's petition to confirm the arbitration award, which contained a supporting affidavit from Ms. Hodson's husband. Ms.

Hodson testified that her husband never told her she had been named in a lawsuit in California. She claimed that she never hired the attorneys in California to represent her, nor did she have any knowledge that the attorneys had been retained to represent her. In support of her testimony, Ms. Hodson offered the affidavit of one of the California attorneys, in which he averred that his only contact regarding the proceedings in California was with Mr. Hodson and Mr. Hodson's Kansas City attorney, and that his first contact with Ms. Hodson was on April 21, 2000.

On May 9, 2000, the trial court entered a judgment sustaining Ms. Hodson's motion to quash the registration of the California judgment. The court found that Rule 74.14, which pertains to the uniform enforcement of foreign judgments, provides that once a foreign judgment is filed in Missouri, it "has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying" as a judgment entered in Missouri. The court then ruled that a party could obtain relief from the judgment on one of the grounds set forth in Rule 74.06(b), which was surprise.

On the issue of surprise, the court found that although the filing of the foreign judgment complied with the requirements of Rule 74.14, the underlying claim was unknown to Ms. Hodson because she was not served with process in the California confirmation proceeding, and all actions purportedly taken on her behalf and in her name in California were "wholly undertaken without her knowledge, consent or authority." Because it found that Ms. Hodson suffered a legal injury as to which she was totally free of neglect or lack of prudence, the court quashed the registration of the California judgment against her. Sentinel filed this appeal.

## Standard of Review

 This court will affirm the judgment in this court-tried case unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Although this court defers to the trial court's findings of fact, this court does not defer to the trial court's determinations of law. *City of Kansas City v. Hon,* 972 S.W.2d 407, 409 (Mo.App.1998).

## Surprise is Improper Ground for Refusing to Register a Foreign Judgment

 In its sole point on appeal, Sentinel argues that the trial court erred in quashing registration of the California judgment because surprise is not a proper ground for refusing to give full faith and credit to a foreign judgment. To qualify for registration in Missouri, a foreign judgment must be "entitled to full faith and credit under the Full Faith and Credit Clause of the Federal Constitution, Art. 4, § 1." *Campbell v. Campbell,* 780 S.W.2d 89, 91 (Mo.App.1989). The Full Faith and Credit Clause provides that, "Full Faith and Credit shall be given in each State to the Public Acts, Records, and Judicial Proceedings of every other State." U.S. Const. art. IV, § 1. Legal historians have inferred that the Constitutional Framers' purpose of including the Full Faith and Credit Clause in the Constitution was to "impose[ ] mandatory comity on the states in the hope that treating the judicial proceedings of other states with appropriate deference would lessen friction among the states in the new and fragile union." William L. Reynolds, *The Iron Law of Full Faith and Credit,* 53 Md. L.Rev. 412, 413 (1994) (footnotes omitted). Indeed, the United States Supreme Court "has held that the Full Faith and Credit Clause demands rigorous obedience." *Id.* (citing *Fauntleroy v. Lum,* 210 U.S. 230, 237, 28 S.Ct. 641, 643, 52 L.Ed. 1039 (1908)).

There are only a few recognized exceptions to this long-standing Constitutional requirement of according full faith and credit to judgments of sister states. Relying on *Shaffer v. Heitner,* 433 U.S. 186, 210, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), *Pennoyer v. Neff,* 95 U.S. 714, 729, 24 L.Ed. 565 (1877), and *Scott v. Scott,* 441 S.W.2d 330, 332 (Mo.1969), the Missouri Supreme Court recently reiterated those exceptions. In *Phillips v. Fallen,* 6 S.W.3d 862, 864 (Mo. banc 1999), the Court stated that "Missouri is obligated to give full faith and credit to a judgment of a sister state unless that judgment is void for lack of jurisdiction over the person or over the subject matter, or is obtained by fraud."

 Rather than denying full faith and credit on any of these recognized exceptions, however, the trial court in this case quashed registration of the California judgment on the basis of surprise under Rule 74.06(b). To do so, the trial court relied on the statement in Rule 74.14(b) that a foreign judgment registered in Missouri "is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a circuit court of this state." The trial court reasoned that since parties may obtain relief from Missouri judgments on any of the grounds listed in Rule 74.06, parties can also obtain relief from foreign judgments on any of these grounds.

The statement in Rule 74.14 that a foreign judgment registered in Missouri is subject to the same defenses as a judgment entered in Missouri refers only to the Missouri judgment registering the foreign judgment, however, and not to the actual judgment entered in the foreign state. To find otherwise, as the trial court

did, would significantly broaden the exceptions to the Full Faith and Credit Clause. Under the trial court's interpretation of Rule 74.14, a Missouri court could refuse to register a foreign judgment if it finds mistake, inadvertence, surprise, excusable neglect, intrinsic or extrinsic fraud, misrepresentation, or misconduct of an adverse party; or that the judgment is irregular, void, or has been satisfied, released, or discharged, or that a prior judgment upon which it is based has been reversed or vacated; or it is no longer equitable that the judgment remain in force. Rule 74.06(b).

Broadening the exceptions to the registering of a foreign judgment to include all of the grounds for obtaining relief under Rule 74.06 is not compatible with Missouri Supreme Court case law applying the deeply-rooted Constitutional principle that courts of this state are obligated to give full faith and credit to a foreign judgment unless the judgment is void for lack of personal or subject matter jurisdiction, or it was obtained by fraud. *See Phillips*, 6 S.W.3d at 864. Furthermore, this court notes that *Phillips*, the Missouri Supreme Court's most recent pronouncement of the exceptions to giving full faith and credit to foreign judgments, was decided eleven years after the effective date of Rules 74.06 and 74.14. The Court in *Phillips* did not recognize surprise, or any of the grounds listed in Rule 74.06, as a basis for refusing to register a foreign judgment. Therefore, this court finds that the trial court erred in quashing registration of the California judgment on the basis of surprise.

■ In her brief, however, Ms. Hodson contends that this court should affirm the trial court's judgment anyway because she was not properly served with process in the California proceeding and, therefore, the California judgment was void for lack

of personal jurisdiction over her. In her motion to quash registration of the foreign judgment, executions, and garnishments, Ms. Hodson did allege that the California judgment was not entitled to full faith and credit in that the California court lacked personal jurisdiction over her.

At trial, however, the only theory upon which Ms. Hodson's counsel proceeded was whether registration of the California judgment should be quashed on the basis of surprise. In fact, in his closing argument, Ms. Hodson's counsel argued only the issue of surprise to the court, and, with regard to the other arguments raised in the pleadings, stated, "But frankly, Your Honor, when I first learned of this, we were in a flurry, and I raised every issue that I thought might have bearing on the action." This statement, combined with the fact that Ms. Hodson's evidence and arguments concerned the issue of surprise, indicate that Ms. Hodson abandoned her personal jurisdiction claim in favor of her claim of surprise. Ms. Hodson's failure to obtain a ruling from the trial court regarding her claim that the California judgment was void for lack of personal jurisdiction precludes appellate review of the issue. Section 512.160.1, RSMo 2000 (stating that, aside from issues of the trial court's subject matter jurisdiction and the sufficiency of the pleadings to state a claim or a legal defense to a claim, this court cannot consider allegations of error that were not presented to or expressly decided by the trial court).

Moreover, even if this court were to find that Ms. Hodson did not abandon her claim that the California judgment was void for lack of personal jurisdiction, the issue of personal jurisdiction was adjudicated in the California proceeding. The California attorneys representing Ms. Hodson raised the issue of defective service of the petition and notice upon Ms.

Hodson in their response to Sentinel's petition to confirm the arbitration award that they filed on her behalf. In its judgment confirming the arbitration award, the Superior Court in California specifically found that proper notice had been given to all parties.

■■■ A party who questions the validity of service giving a court personal jurisdiction over that party does not have to raise the issue of personal jurisdiction in that court, and may raise it later when the judgment is filed in another state. *Williams v. Williams,* 997 S.W.2d 80, 83 (Mo.App.1999). "However, when the party litigates the issue of jurisdiction in the initial court proceedings, that court's determination on the issue, right or wrong, is conclusive upon that party and entitled to full faith and credit." *Id.*

The rationale for such a rule was set forth in *Durfee v. Duke,* 375 U.S. 106, 111–12, 84 S.Ct. 242, 245, 11 L.Ed.2d 186 (1963) (quoting *Baldwin v. Iowa State Traveling Men's Ass'n,* 283 U.S. 522, 525–26, 51 S.Ct. 517, 518, 75 L.Ed. 1244 (1931)):

> "Public policy ... dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties. We see no reason why this doctrine should not apply in every case where one voluntarily appears, presents his case and is fully heard, and why he should not, in the absence of fraud, be thereafter concluded by the judgment of the tribunal to which he has submitted his cause."

Thus, according to *Durfee,* the general rule is "that a judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." *Id.* at 111, 84 S.Ct. at 245.

Under *Durfee,* the only avenue available to Ms. Hodson to relitigate the issue of whether the California court lacked personal jurisdiction over her because of defective service is if the trial court in Missouri found that the issue was not fully and fairly litigated and finally decided in the California proceeding. Ms. Hodson did not raise the issue of whether personal jurisdiction was fully and fairly litigated in the California proceeding in her motion to quash registration of the foreign judgment, she did not present evidence on that issue at trial, she did not ask the trial court to rule on that issue, and the trial court did not do so. Again, this court will not address an issue that was not put before the trial court to decide. Section 512.160.1, RSMo 2000.

Because this court finds that the trial court erred in quashing registration of the California judgment on the basis of surprise, and Ms. Hodson failed to litigate a proper basis for quashing registration of the judgment, the judgment of the trial court is reversed. The cause is remanded to the trial court to enter a judgment registering the California judgment in this state.

All concur.