Maurice **GLETZER**, Respondent,

v.

Amos **HARRIS**, Appellant.

**No. ED 84367.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 1, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 23, 2005.

Application for Transfer Denied
April 26, 2005.

Joshua M. Schindler, Schindler Law Firm, Clayton, MO, for appellant.

Daniel S. Peters, Herzog, Crebs, LLC, St. Louis, MO, for respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Amos Harris ("Harris"), appeals from the judgment of the Circuit Court of the City of St. Louis denying his motion to set aside registration of a foreign judgment, which was entered in New York against Harris and in favor of Respondent, Maurice Gletzer ("Gletzer").

In 1991, Gletzer, a resident of Belgium, filed suit against Harris in the Supreme Court of the City of New York ("the New York suit"). The New York suit was filed by Gletzer claimed Harris failed to repay a loan Gletzer made to him for real estate transactions. On October 23, 1991, Gletzer obtained a default judgment, "in the sum of $400,000.00 with interest ... together with the costs and disbursements of this action," against Harris in the New York suit.

Harris engaged in settlement negotiations with Gletzer for approximately seven or eight years after the New York default judgment was rendered. Harris has known of the existence of the New York default judgment since at least 1995.

Despite efforts to settle the debt, Harris never paid any of his debt to Gletzer. On December 12, 2000, Gletzer filed a petition and supporting affidavit seeking registration of the default judgment in Missouri pursuant to Rule 74.14. Subsequently, Harris filed a motion to set aside registration of the foreign judgment arguing that the New York court lacked personal jurisdiction over him due to improper service.

The trial court found that, in August of 1991, Harris resided in New York at 143 Avenue B, New York, New York ("the Christadora House"). The affidavit of service that was filed with the New York court reflects that a process server, David Bongiorni, served Harris with the summons and complaint via Harris' doorman, Tadeusz Kurzyna, on August 24, 1991 at the Christadora House. The evidence further revealed that on August 28, 1991, the summons and complaint was mailed to Harris at his New York address. The court concluded that Harris waived the defense of lack of personal jurisdiction because he failed to assert it seasonably and submitted to the judgment through his conduct. The court also found that Harris received his constitutionally required due notice. As a result, Harris' motion to set aside registration of the foreign judgment was denied. This appeal followed.

In reviewing this bench-tried case, the judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976).

Harris asserts two points on appeal, but these points can be consolidated into one point on appeal. Harris claims the court erred in denying his motion to set aside the registration of the foreign judgment, because the New York court lacked personal jurisdiction over Harris in that service was improper.

Initially, we address Gletzer's claim that Harris waived the defense of lack of personal jurisdiction due to his post-judgment conduct.

The defense of lack of personal jurisdiction may be waived by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct. *Neirbo Co. v. Bethlehem Shipbuilding Corporation,* 308 U.S. 165, 168, 60 S.Ct. 153, 84 L.Ed. 167 (1939). However, "a defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 706, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1984). A defendant who questions the validity of service giving a court personal jurisdiction over him does not have to raise the issue of personal jurisdiction in that court, and is allowed to raise it later when the judgment is filed in another state. *Sentinel Acceptance v. Hodson Auto Sales,* 45 S.W.3d 464, 469 (Mo.App. W.D.2001). If a party litigates the issue of jurisdiction in the initial court proceedings, that court's determination on the issue is conclusive upon that party and entitled to full faith and credit. *Id., quoting Williams v. Williams,* 997 S.W.2d 80, 83 (Mo.App. S.D.1999).

Harris has engaged in numerous post-default judgment settlement discussions with Gletzer over the years in an attempt to settle his debt. The evidence indicates Harris has known of the existence of the New York default judgment since at least 1995. However, Harris never litigated the issue of jurisdiction before the New York court and in fact never appeared before the New York court. Gletzer admits Harris never conceded to him that the New York court had personal jurisdiction over Harris or that the default judgment was valid. Furthermore, Harris never paid Gletzer any money in settlement of their dispute. In response to Gletzer's petition seeking registration of the foreign judgment, Harris raised, for the first time, his argument that the New York court lacked personal jurisdiction over him in his motion to set aside registration of the foreign judgment. We find, based on these facts, that Harris has not waived his lack of personal jurisdiction defense.

Next we address the merits of Harris' argument that the New York court lacked personal jurisdiction over him.

Missouri is compelled to give full faith and credit to a judgment of another state unless the judgment of the rendering state is void for lack of jurisdiction over the person or subject matter, or is obtained by fraud. *Phillips v. Fallen,* 6 S.W.3d 862, 864 (Mo.banc 1999). To be entitled to full faith and credit, the rendering court's exercise of jurisdiction must not only be permissible under the federal law of due process, but it must also be valid under the state law of the rendering court. *Adamson v. Harris,* 726 S.W.2d 475, 478 (Mo.App. W.D.1987). A foreign judgment, which is regular on its face, is entitled to a strong presumption that the rendering court had jurisdiction over the parties and the subject matter of the suit. *Phillips,* 6 S.W.3d at 868, *quoting Johnson v. Johnson,* 770 S.W.2d 483, 485 (Mo.App. E.D. 1989). A party asserting the invalidity of a foreign judgment has the burden of overcoming the presumption of validity. *L & L Wholesale, Inc. v. Gibbens,* 108 S.W.3d 74, 79 (Mo.App. S.D.2003).

Under N.Y. C.P.L.R. section 308(2), personal service upon a natural person can be made "by delivering the summons ... to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by ... mailing the summons to the person to be served at his or her last known residence ...." N.Y. C.P.L.R. section 308(2). Where no attempt is made to proceed to

the defendant's apartment unit, it cannot be held that delivery of service in the lobby of the apartment house to the doorman satisfies the requirements of N.Y. C.P.L.R. section 308(2). *McCormack v. Goldstein,* 204 A.D.2d 121, 611 N.Y.S.2d 185, 186 (N.Y.App.Div.1994); *see also Soils Engineering Services, Inc. v. Donald,* 258 A.D.2d 425, 685 N.Y.S.2d 723 (N.Y.App. Div.1999).

■ "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

■ At the hearing, Harris argued that service of the New York suit on his doorman was improper service, because the doorman did not deny the process server access to his unit. Harris claims that the applicable New York law only allowed a suit to be served on a doorman if the doorman denied access to the unit of the person to be served.

One of Gletzer's arguments in response is that the holdings of *Soils* and *McCormack* cannot be retroactively applied to the 1991 default judgment. Assuming *arguendo* that the interpretation of N.Y. C.P.L.R. section 308(2) in *Soils* and *McCormack* can be retroactively applied, Harris still fails to overcome the strong presumption that the New York court had jurisdiction over the parties. The affidavit of service did not say whether the process server actually sought or was denied access to Harris' unit. Moreover, no depositions or testimony from either the doorman or the special process server were admitted at the hearing on the motion to set aside the registration of foreign judgment. It is completely unclear from the

evidence whether the doorman refused to allow the special process server to approach Harris' unit in the Christadora House. Therefore, Harris did not meet his burden of overcoming the strong presumption that the New York court had jurisdiction over the parties.

Furthermore, the service comported with due process as Harris' doorman was served and a copy of the summons and complaint was timely mailed to Harris at his New York address. Harris admits that his doormen had received service of lawsuits for him in the past, and does not even attempt to argue that service here was not in compliance with the federal law of due process. The service was reasonably calculated to provide Harris with notice and an opportunity to respond. Point denied.

Based on the foregoing, we affirm the judgment of the trial court.

SHERRI B. SULLIVAN and BOOKER T. SHAW, JJ., concur.