**STATE of California, ex rel. Phyllis MOORE, Appellant**

v.

**Charles E. SHEPARD, Respondent.**

No. 27672.

Missouri Court of Appeals, Southern District, Division One.

Feb. 8, 2007.

Janet Garrett, Asst. Prosecuting Atty., Aurora, for appellant.

No appearance for respondent.

JOHN E. PARRISH, Judge.

This is an appeal of a judgment dismissing a Missouri petition that sought registration of a California child support order pursuant to the Uniform Interstate Family Support Act (UIFSA), §§ 454.850, et seq.[1] The judgment is reversed.

An order dated December 10, 1975, entered in the Superior Court of the State of California, Contra Costa County, determined that respondent in this action, Charles E. Shepard, was in arrears in paying court-ordered child support in the amount of $10,730 to relator, Phyllis (Shepard) Moore. Respondent was ordered to pay relator monthly child support payments in the amount of $90. Respondent was further ordered to pay relator's attorney fees in the amount of $150 in monthly installments of $20. The order further provided that any payments to which Contra Costa County would be entitled as reimbursement for expenditure of $2,651.33 public welfare funds would be deducted from the collection of arrearages owed by respondent. Registration of the order of the California court was sought by filing a Notice of Request for Registration and a Registration Statement in the Circuit Court of Dade County, Missouri.

The circuit court entered Judgment Confirming Registered Order May 19, 2005, in which it determined the arrears as of May 18, 2005, to be $12,839.57. There-

1. References to statutes are to RSMo 2000.

after, following entry of appearance by respondent and the filing of a Motion to Set Aside Judgment, for New Trial or, in the Alternative, to Amend Judgment, the circuit court dismissed the action to register the order of the California court on the basis of res judicata. The circuit court concluded that the claim for which registration was sought had been adjudicated in a prior action.

Relator asserts two points on appeal; that the circuit court erred in concluding res judicata applied in that the prior action to which it referred did not involve the issue addressed by this action (Point I), and that UIFSA statutes permit the remedy sought in this action notwithstanding the prior proceeding to which the circuit court referred (Point II).

The prior Missouri action on which the circuit court relied in ascertaining that the present action is barred by res judicata was brought pursuant to Missouri's Uniform Reciprocal Enforcement of Support Law (URESA), §§ 454.010, et seq. It was brought as Case No. CV584–39DR in the Circuit Court of Dade County, Missouri, on behalf of the Contra County Social Service Department against this respondent. It sought reimbursement for public assistance in the amount of $3,463 paid by that department. Judgment was entered June 26, 1984. The circuit court held in that action that respondent suffered from a degenerative back disease of the spine that rendered him partially disabled. It concluded he had incurred financial hardship and entered judgment that respondent pay no support as was sought in that action.

■ Relator contends that the prior action did not seek registration of the California order to pay support, but sought reimbursement of public funds expended by the State of California to provide support for respondent's children; that, therefore, this action to register the California order is not the same action and that res judicata does not apply. This court agrees.

■ "For res judicata to adhere, 'four identities' must occur: 1) identity of the thing sued for; 2) identity of the cause of action; 3) identity of the persons and parties to the action; and 4) identity of the quality of the person for or against whom the claim is made." *King General Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo.banc 1991). Analysis need not proceed beyond review of the first element. The order sought to be registered was an adjudication of child support issues by the California court. It was not an action to collect public funds expended by Contra Costa County, California, for public assistance. The two actions do not share an identity of the thing for which suit was brought.

■ "Missouri is obligated to give full faith and credit to a judgment of a sister state unless that judgment is void for lack of jurisdiction over the person or over the subject matter, or is obtained by fraud." *Phillips v. Fallen*, 6 S.W.3d 862, 864 (Mo. banc 1999). No suggestion appears in the record before this court that would indicate a lack of personal or subject matter jurisdiction by the California court or that the order sought to be registered was obtained by fraud. Neither has it been suggested that the attempt to register the California order did not comply with procedural requirements of the UFISA. Point I is granted.

Albeit that the disposition of Point I is determinative of this appeal, Point II is equally valid. The California order had not previously been registered in Missouri. The fact that a related issue was the subject of a prior Missouri URESA action is of no consequence. Section 454.030 pro-

vides with respect to UIFSA actions that "[t]he remedies herein provided are in addition to and not in substitution for any other remedies." The judgment dismissing the petition to register the order of the California court is reversed.

RAHMEYER, P.J., and SCOTT, J., concur.