BIG TEX TRAILER MANUFACTURING, INC., Appellant,

v.

DUFF MOTOR COMPANY, INC. d/b/a Duff Motors and Kevin Duff, Respondents.

No. WD 69504.

Missouri Court of Appeals, Western District.

Feb. 3, 2009.

Mark T. Benedict, Robert D. Maher, Kansas City, Kent M. Dryer, KCMO Co., MO, for Appellant.

Joel Pelofsky, Kansas City, MO, for Respondents.

Before THOMAS H. NEWTON, C.J., JAMES M. SMART, Jr., and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

Big Tex Trailer Manufacturing, Inc. (Big Tex) appeals the circuit court's judgment denying its petition for registration of foreign judgment as to Kevin Duff. Big Tex contends that the circuit court erred in denying the registration of the foreign judgment against Duff because: (1) it was entitled to full faith and credit, and (2) the circuit court no longer had jurisdiction over the matter because it had previously denied the motion to quash as to Duff. We reverse and remand.

Duff Motor Company, Inc. (Duff Motor) was a business located in Lee's Summit, Missouri. On or about August 27, 2003, Duff Motor and Big Tex entered into a Dealer Appointment & Consignment Agreement (Agreement). The Agreement provided that, in the event that a dispute arose, the parties agreed that the law of the State of Texas would govern. Although Duff signed the agreement as the owner, he was not a named party to the Agreement.

In 2006, a dispute arose between the parties which resulted in a lawsuit filed by Big Tex against Duff Motor and Duff in Titus County, Texas. In that action, Duff appeared specially and filed a motion to dismiss for lack of personal jurisdiction. The Texas court denied Duff's motion to dismiss and held that it had personal jurisdiction over him. On January 17, 2007, the Texas court found in favor of Big Tex and against Duff and Duff Motor in the amount of $120,345.34, plus fees and interest.

On March 27, 2007, Big Tex filed a petition for registration of foreign judgment in Jackson County, Missouri. Duff filed a motion to quash registration of the foreign judgment as to him individually, which the circuit court denied. After a hearing, the circuit court entered an order[1] registering the judgment against Duff Motor but denying the petition to register the judgment as to Duff. Big Tex filed a motion to alter, amend, or vacate order on petition for registration of foreign judgment, which the circuit court denied. Big Tex appeals.

We must affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *L & L Wholesale, Inc. v. Gibbens*, 108 S.W.3d 74, 76 (Mo.App. 2003). The circuit court's decision that the Texas judgment should not be registered as to Duff is a legal conclusion, which we review de novo. *Id.* at 78–79.

Big Tex asserts two points on appeal, but we only address point one as it is dispositive of the appeal. Big Tex contends that the Missouri court's denial of its petition to register the foreign judgment was in violation of the Full Faith and Credit Clause of the United States Constitution, Article IV, Section 1.

■ In registering the judgment as to Duff Motor but not as to Duff, the Missouri court ultimately held that the issue of personal jurisdiction was not fully and fairly adjudicated in the Texas action. In its judgment, the Missouri court noted that the issue of jurisdiction is always subject to inquiry but that it is generally entitled to full faith and credit where the second court's inquiry discloses that the issue has been fully and fairly litigated in the original court. The Missouri court went on to state that it is not apparent that the issue of jurisdiction was fully and fairly litigated. The Missouri court found that Duff did not agree to jurisdiction by way of the Agreement and that there was no finding or evidence that he had minimum contacts to establish jurisdiction in Texas. The Missouri court concluded that the issue of the Texas court's jurisdiction as to Duff was not fully and fairly litigated. We disagree.

■ Missouri courts give full faith and credit to judgments of sister states except where it can be shown that there was no jurisdiction over the subject matter or over the person or where the judgment was obtained by fraud. *State ex rel. Moore v. Shepard*, 213 S.W.3d 234, 236 (Mo.App. 2007). Rule 74.14 provides for the registration of foreign judgments. It states, "A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating or staying as a judgment of a circuit court of this state...." Rule 74.14(b).

In its judgment, the Texas court stated: Before proceeding to rule on the merits of Plaintiff's cause of action, Kevin Duff, by and through his counsel urged his special appearance, requesting Plaintiff's action against him be dismissed for lack of personal jurisdiction. The Court having considered the evidence and arguments of counsel overruled and denied Defendant, Kevin Duff's Special Appearance and found the Court did have personal jurisdiction over Kevin Duff.

It is clear from the Texas court's judgment that it considered and ruled on the question of its personal jurisdiction of Duff. Pursuant to Missouri law, it is enti-

---

1. After the circuit court entered its order, Big Tex filed a motion to designate the court's order as a "judgment." Subsequently, the circuit court entered a judgment where it designated its previous order as a "judgment."

387

tled to full faith and credit. Similarly, in *Sentinel Acceptance, Ltd., L.P. v. Hodson Auto Sales & Leasing, Inc.*, 45 S.W.3d 464 (Mo.App.2001), this court held that, where a party raised the issue of personal jurisdiction in the foreign state and it is litigated, the foreign court's determination is conclusive and entitled to full faith and credit, even if its determination is wrong. *Id.* at 469. This court noted that the general rule is that the judgment regarding jurisdiction is entitled to full faith and credit where it has been fully and fairly litigated and finally decided in the original court. *Id.*

Also on point is *Williams v. Williams*, 997 S.W.2d 80 (Mo.App.1999), where the appellant challenged the validity of an Oklahoma judgment on the basis that he was not properly served. *Id.* at 82. The Oklahoma court ruled that it had jurisdiction by denying the appellant's special appearance and motion to quash, which contested personal jurisdiction. *Id.* The court held that, because appellant had contested the Oklahoma court's jurisdiction in the Oklahoma proceeding and the court determined it had jurisdiction, the Oklahoma court's determination was conclusive and entitled to full faith and credit. *Id.* at 83. The court noted that there was no indication that appellant was not given a fair opportunity to litigate the issue of jurisdiction in Oklahoma and that the court must presume that the Oklahoma court proceeded in a proper manner and conclude that the presumption of the validity of the judgment was not overcome. *Id.*

Moreover, in *L & L Wholesale, Inc.*, 108 S.W.3d at 80, the court relied on the holding of *Williams* in stating that, where the decision of the foreign state regarding personal jurisdiction is adverse and no appeal is taken, the issue cannot be re-litigated in Missouri. After a party has had an opportunity to present his evidence,

the issue cannot be retried. *Id.* Pursuant to Missouri law, the only correct avenue after an adverse determination regarding personal jurisdiction is an appeal or other direct challenge in the original state. *Id.* at 81.

Similarly, in the present case, Duff filed a special appearance and motion to dismiss for lack of personal jurisdiction. The Texas court, after hearing evidence and argument, denied Duff's motion and found that it had personal jurisdiction over him. The question of personal jurisdiction was fully and fairly litigated. Once Duff's motion was denied, he could have appealed that decision to a higher Texas court, but Duff did not do so.

We find that the circuit court erred in denying registration of the Texas judgment as to Duff on the basis that it was not fully and fairly litigated. The judgment of the circuit court is reversed, and the cause is remanded to the circuit court to enter a judgment registering the Texas judgment in this state.

All concur.